WRIGHT, Presiding Judge.
The parties were divorced on April 8, 1971. There were two children born of the marriage, the youngest only eight months old. There was an agreement by the parties, incorporated into the divorce decree, that custody would be in the mother, with the father contributing child support in the amount of $200 per month. The record discloses that by June 21, 1971, the father was already substantially behind in his agreed support payments. In the following years, the father was cited, and usually found in contempt, some seven times for failure to pay child support. His arrearage reached as much as $3,241. The court, time after time, allowed him to decrease the arrearage by paying thereon as little as $10 per month. The last such order was in 1976.
During all of this time the mother was working outside the home, rearing the small children, and making mortgage payments on their home. Each parent has remarried to a working spouse.
In November 1983, the mother brought a petition to increase child support because of the increased needs of her now teenage daughters. The allegations and evidence in support of her petition were that even now the father remained over $1,500 in arrears, though he and his wife had purchased a home, installed a swimming pool, bought a new $15,000 automobile, and regularly took trips to Atlantic City and Las Vegas in order to gamble. She requested $400 per month.
After a full ore tenus hearing, the court ordered: child support of $300 per month; an attorney fee to the mother’s attorney of $300; judgment for arrearage of support in the amount of $1,531, with right to reduce at the rate of $40 per month; and direction to the father and the children to seek counseling from a counselor or agency agreed upon by the attorneys to the end of improving their relationship.
From that order the father appeals, charging as to each part thereof an abuse of discretion or failure of proof.
This court perceives no benefit in further relating the pleadings and evidence. We deem it sufficient to say that we have carefully reviewed the record as to each of the issues presented on appeal, and find it sufficiently supports the exercise of the discretion of the trial court in each instance. Dismukes v. Dismukes, 376 So.2d 730 (Ala.Civ.App.1979); Smythe v. Smythe, 376 So.2d 1101 (Ala.Civ.App.1979).
The father submits that there was not sufficient proof of change of circumstances to support a modification of the original agreement and decree. His basis is that each party continues to have wages relatively the same as the other. That basis is insufficient to support his contention. The change in circumstances before the court was the increased need of the children and the decreased purchasing power of an award made thirteen years previously. These are clearly matters for consideration of the court in determining whether there has been a change of circumstances. Miller v. Miller, 437 So.2d 574 (Ala.Civ.App.1983).
We consider the argument, that the determination of the amount of arrearage is error because not supported by pleading and proof, to be without merit. The court could take notice of its own proceedings during the last thirteen years and its finding in 1976 of a then arrearage of $3,241, payable at $15 per month. Considering the record and the evidence' from the mother that there remained an unpaid amount, in absence of evidence to the contrary, the court could properly render judgment. Rule 15, A.R.Civ.P.
We conclude with the note that regardless of the evidence submitted of wages and tax returns, there was evidence of other income by the father from various sources (which we will not here recite), for the court to reasonably infer that the increase in child support could be met.
Considering all, we affirm the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.