HOLMES, Judge.
This is a divorce case.
After an ore terms hearing, the learned and distinguished trial judge divorced the parties and effectuated a division of the property.
The husband appeals, contending in the main that the division of properly requires reversal and/or that the trial court’s failure to award periodic alimony to the husband requires reversal.
The dispositive issue in this court’s opinion is whether the trial court so abused its discretion in the areas of concern as to require reversal. We find no such error and affirm.
It is well established that the division of property and the award of alimony are within the sound discretion of the trial court and will not be disturbed on appeal except where such discretion was plainly and palpably abused. Turquitt v. Turquitt, 506 So.2d 1014 (Ala.Civ.App.1987); Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986); Brannon v. Brannon, 477 So. 2d 445 (Ala.Civ.App.1985).
Moreover, in a divorce case when the trial court personally hears the evidence, as in the instant appeal, the judgment appealed from is presumed to be correct on appeal. The judgment will not be set aside on appeal unless the trial court’s decision is plainly and palpably wrong or unjust. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App.1986).
This court pretermits a detailed summary of the evidence. Little or nothing would be contributed to the law by stating the pertinent facts. This is so because of the vast number of cases on the same legal subject.
Viewing the record with the attendant presumptions accorded the trial court's action, we note that the parties were married for less than three years, that the wife had a substantial separate estate at the time of the marriage, that the wife’s assets financed the parties’ business venture and other endeavors, that the husband is educated, in apparent good health and able to earn, that the husband was awarded $65,-500 to be paid by the wife. The wife was awarded the majority of the other assets and the obligation to pay certain debts.
With particular emphasis on the wife’s contributions to the parties’ business venture, the husband’s ability to earn, and the duration of the marriage, we perceive no error by the trial court in its division of property and in its failure to award the husband periodic alimony. This is so regardless of any “fault” by the wife in causing the breakdown of the union.
In short, we are not persuaded that the trial court’s judgment in this case constitutes a plain abuse of discretion. For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
The husband attempts to raise certain other issues, but in view of the above, these issues require no specific comment. However, we would note that the husband has failed, as to several of these issues, to substantially comply with Rule 28(a)(5), Alabama Rules of Appellate Procedure.
In any event, this case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.