After an ore tenus proceeding, the Circuit Court of Tallapoosa County entered a divorce decree and ordered a division of the parties' property. Joy M. (Goree) Dark was awarded $5,386, the amount withdrawn from her teacher's retirement fund for the benefit of both parties, and $25,000 in attorney's fees. Robert W. Goree was awarded $2,500, the amount asked for in his counterclaim. The husband filed a motion to alter, amend, or reconsider the judgment. Following a hearing on the motion, the trial court reduced the amount of attorney's fees to $12,000. The husband appeals.
The sole issue on appeal is the award of attorney's fees. Specifically, the husband asserts that the attorney's fees should not have been assessed against him. Alternatively, he contends that the award was excessive.
The award of attorney's fees in a divorce action is a discretionary matter with the trial court and will not be reversed on appeal except for abuse of that discretion.Isham v. Isham, 464 So.2d 109 (Ala.Civ.App. 1985). Factors which the trial court should consider in making such awards include the results of the litigation, the nature of the conduct of the parties, the financial circumstances of the parties, and the earning capacities of the parties.
The record reflects that the parties were married for approximately seven years. At the time of the marriage, the husband was 59 and the wife was 37. The divorce was granted to the wife on the ground of an irretrievable breakdown of the marriage. The trial court found specifically that the wife had committed adultery. It refused, however, to grant the divorce on that ground. The trial court found the husband to be "crude, vulgar, mean, and vindictive." *Page 438 
Financially, the husband is comfortable, living off income from a trust left to him by his deceased wife. The trust generates a yearly income of approximately $128,000. His personal estate is valued at approximately $313,000. The wife's personal estate is worth approximately $65,000. At the time of the hearing, she had recently secured a teaching job in the Georgia public school system with an approximate salary of $24,000 a year. Considering the circumstances and the factors, we do not find an abuse of discretion in assessing attorney's fees against the husband.
The husband asserts that the trial court placed undue emphasis on his vindictive behavior when assessing the fees. He contends that the only reason for the assessment was to punish him. Counsel for the wife offered into evidence instances of the husband's vindictive behavior towards counsel and his client for the trial court's consideration in assessing attorney's fees. In response to the testimony, the trial court found the following: "Well, it's admitted, but not for the purpose of any aggravated or enhancement of attorney fees. Which could either justify or enhance attorney fees." We feel the husband's assertion to be without merit.
The amount of attorney's fees awarded is also a matter within the trial court's discretion and will not be reversed except for clear abuse of that discretion. Williams v. Williams,411 So.2d 154 (Ala.Civ.App. 1982). The record reflects that the value of the services performed by counsel for the wife ranged from a low of $6,000 to a high of $12,600. We do not find the $12,000 award to be an abuse of discretion. Faught v. Faught,423 So.2d 242 (Ala.Civ.App. 1982).
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.