ROBERT P. BRADLEY, Retired Appellate Judge.
After a hearing the trial court divorced the parties to this appeal, awarded custody of the three minor children to the father and visitation privileges to the mother, divided the personal property of the parties, ordered the marital home sold and, after payment of indebtedness and costs of the sale, the proceeds to be divided equally between the parties. The mother was awarded $400 per month as periodic alimony, and the husband was ordered to pay the mother’s attorney’s fee in the amount of $2,206.25. The parties’ postjudgment motions were overruled, and the father has appealed from the judgment on the merits and the order overruling the postjudgment motions.
In his appeal brief, the father contends that the trial court’s property settlement and award of alimony and attorney’s fee are excessive and require reversal.
The dispositive issue for this court then is whether the trial court so abused its discretion in the awards questioned by the father as to require reversal of the court’s decrees. After a careful examination of the record, we find no such error and affirm.
It is now well established in this court that the division of property, the award of alimony, and the grant of attorney’s fees are within the sound discretion of the trial court and will not be set aside on appeal except where such discretion is plainly and palpably abused. Craig v. Craig, 516 So.2d 695 (Ala.Civ.App.1987).
We will not attempt a detailed summary of the evidence, but we have carefully examined the record and have found the following pertinent facts. The parties were married for about sixteen years, and they had three children. The mother did not work outside the marriage until the parties separated. The father is employed as a field service engineer, earns $12.99 an hour, or about $2,100 a month, and his prospects for the future are good. The wife is earning $4.25 an hour as a maid and her economic prospects are not good. Moreover, she has been participating in family counseling.
We note that there is conflicting evidence in the record relating to the alleged sexual misconduct of the wife; therefore, it was the duty of the trial court to resolve those conflicts. In the absence of an abuse of discretion by the trial court in the resolution of the issues presented to it, its decrees will not be set aside unless they are shown to be plainly and palpably wrong. Turquitt v. Turquitt, 506 So.2d 1014 (Ala.Civ.App.1987).
After a careful review of the evidence, we are not persuaded that the trial court’s decrees in this case constitute an abuse of discretion, or that they are plainly and palpably wrong. Consequently, for this court to set aside the trial court’s decrees would be to substitute our judgment for that of the trial court. Such a result is not allowed by the law. Craig, 516 So.2d 695.
The judgments of the trial court are affirmed.
The mother is awarded $500 as an attorney’s fee on appeal.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.
ROBERTSON, J., dissents.