The parties were divorced in 1980. The mother was awarded custody of the parties' minor son. The father was ordered to pay $150 per month in child support. In September 1990 the mother filed a petition to modify the child support. Following an ore tenus proceeding, the trial court applied the child support guidelines and increased the support payments to $425 per month. The court further ordered the father to pay all medical and dental expenses incurred by the minor child. The father appeals.
The father contends that the court "arbitrarily" applied the child support guidelines to the facts of this case. He insists that the application was "arbitrary" because the mother failed to prove that a change in circumstances had occurred. He further suggests that the "arbitrary" application deprived him of due process.
The record reflects that the parties have been divorced for ten years and that the child has been in the mother's custody since his birth. The child is presently ten years old. The mother's income at the time of the hearing was approximately $36,000. She is remarried. The present husband does not earn as much as the mother. She testified, however, that he does contribute to the support of the minor child. She testified that the child's needs have increased since 1980. She stated that she spends $300 to $350 per month just for utilities and shelter for the child.
At the time of the hearing the father was earning approximately $44,000 per year. In 1988 he earned $58,000 and in 1989 he earned $49,000. He is remarried and has relocated to North Carolina. His wife is employed and earns approximately $21,000 per year. They have no dependents. The father testified that although he earns a good income from his job, that income has decreased in the last few years. He testified that his living expenses have remained the same, or in some instances have increased. Consequently, he complains that the fixed monthly obligations and expenses leave him with very little disposable income. He contends that it is impossible for him to pay such an "enormous and outrageous" amount in child support.
The father contends that the evidence did not show a sufficient change in circumstances to support the increase.
A prior child support award may be modified only on proof of changed circumstances, and the burden of proof rests on the party seeking the modification. Forlini v. Forlini,455 So.2d 855 (Ala.Civ.App. 1983). The modification of child support for changed circumstances is a matter strictly within the trial court's discretion. The trial court's decision will not be disturbed upon appeal unless there is a clear abuse of discretion. Bass v. Bass, 475 So.2d 1196 (Ala.Civ.App. 1985).
Once a change in circumstances is proven, Rule 32(A), Alabama Rules Judicial Administration, establishes a rebuttable presumption that the correct amount of child support results from the application of the guidelines. Moore v. Moore, *Page 893 575 So.2d 95 (Ala.Civ.App. 1990). In order to rebut the presumption, the party contesting the application of the guidelines must present evidence that the application would be manifestly unjust or inequitable. The trial court must make a finding to such an effect.
The trial court determined that there was a material change in circumstances and appropriately applied the guidelines. Our review of the record supports the trial court's position. We find that the increased need of the child and the decreased purchasing power of the award made ten years ago were sufficient to constitute a material change in circumstances and support a modification. Kelly v. Kelly, 453 So.2d 1060
(Ala.Civ.App. 1984).
The father's assertions that he was denied due process and that the trial court erred in ordering him to pay the dental expenses of the child are not supported by any citation of authority. Failure to cite any authority in support of an appellate argument precludes this court from considering the issues presented. May v. State, Dep't of Human Resources,512 So.2d 781 (Ala.Civ.App. 1987). We are, however, unable to discern from the record any failure of due process. The father had his day in open court. He was informed of the claim against him. He had opportunity to present evidence in defense and to cross-examine witnesses against him. He was represented by competent counsel. All of these rights being present, we fail to find a denial of due process. Welch v. Welch, 562 So.2d 263
(Ala.Civ.App. 1990).
In response to the father's charge that the trial court stated its judgment before trial, we have searched the record. We do not find the purported statement. Even if such statement were uttered at a pretrial hearing, it would not necessarily require a reversal, because the evidence subsequently presented at trial sufficiently supports the judgment entered. Rule 45, Alabama Rules of Appellate Procedure.
This case is affirmed.
The mother's request for an attorney's fee on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.