Following oral proceedings, the trial court divorced the parties, effected a property division, and awarded the wife periodic alimony. The husband appeals, contending that the division of property and award of alimony were inequitable and an abuse of discretion. We affirm.
When reviewing a trial court's judgment in a divorce case presented ore tenus, this court will presume the judgment to be correct until it is shown to be unjust or a plain and palpable abuse of discretion. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985). Issues concerning the division of marital property and the award of alimony fall within the trial court's sound discretion. Montgomery v. Montgomery, 519 So.2d 525
(Ala.Civ.App. 1987). Factors that the trial court should consider in dividing marital property and in determining an award of alimony include the current financial circumstances of the parties, their future prospects, their ages and health, the length of the parties' marriage, and the parties' conduct with reference to the cause of the divorce. Grimsley v. Grimsley,545 So.2d 75 (Ala.Civ.App. 1989). The court should also consider these factors when determining the duration and the amount of alimony. Warren v. Warren, 386 So.2d 1166
(Ala.Civ.App. 1980).
The record reveals that the parties were married for approximately 29 years, during which time they accumulated a substantial amount of real and personal property. At the time of the trial the husband was 51 years old and the wife was 48. The husband has worked for Reynolds Aluminum Company for 25 years. In 1989 and 1990 his gross employment income was $35,940 and $33,363, respectively. He receives medical and disability insurance through his employer, and as a result of his tenured employment, he is the recipient of a secured retirement. He has a history of back problems, and shortly after this divorce action was filed, he called his doctor and requested permission to take leave from work. At the time of trial, he was off work on sickness-and-accident leave. If he continues to stay on disability, he will receive benefits of $247 per week from Reynolds and additional payments of $450 per month from disability policies. If he is hospitalized, he will receive an additional $900 per month.
The wife worked as a hairdresser during most of the marriage, often conducting business from the home. Her net profit for 1989 and 1990 was $830 and $1,972, *Page 951 
respectively. She is currently employed as a beautician with a salon, where she earns approximately $250 per week. Following the divorce, she will have to purchase her own health insurance, which will cost approximately $170 per month. Other than an individual retirement account (IRA) awarded to her in the divorce decree, her only retirement fund is another IRA valued at $1,000.
Although the trial court made no specific finding of fault, the record contains ample evidence of misconduct by the husband, suggesting that he bears considerable responsibility for the breakdown of the marriage. There was testimony indicating that he had engaged in extramarital affairs and had been mentally cruel to the wife in other ways as well. The parties' two adult children testified on behalf of the wife and indicated that she had been largely responsible for holding the marriage together.
The wife was awarded the marital home and was held responsible for any indebtedness on the residence. She was also awarded various items of personal property and all proceeds from a real estate mortgage and promissory note valued at approximately $12,934. The husband was awarded a rental house, interests in several tracts of land, the proceeds of a savings account and a certificate of deposit, two of the parties' three automobiles, and various other items of personal property. Pursuant to the decree, the husband was divested of his interest in a $6,300 IRA, which was awarded to the wife.
The court further ordered the husband to pay the wife $150 per week in periodic alimony, to continue until her death or remarriage. The decree also provided that in the event the husband should choose early retirement, such alimony would serve as a lien against the real property awarded to the husband.
The husband complains that he is entitled to a more equitable distribution of the marital assets. He takes particular exception to the court's award of the marital home outright to the wife (who must assume payments on a mortgage indebtedness of approximately $5,500). The husband had previously prepared a financial statement in which he valued the home at $140,000; however, during the discovery phase of the trial, he valued the home at $75,000. He now estimates the home's value to be between $118,000 and $120,000. Among the property awarded to the husband was a rental house, a twenty-acre tract of land, a half interest in an eleven-acre tract of land, and a quarter interest in an eight-acre hunting lodge. (He is responsible for the mortgage indebtedness on this property.) Although the husband estimates that the total equity on the real estate he was awarded amounts to only $17,300, his pre- and post-trial valuations of the marital assets were inconsistent and contradictory. We note that, in addition to other personal property, he was also awarded an unencumbered 1979 truck and 1980 customized van; a gun collection worth at least $2,500; a $6,116 certificate of deposit; and $3,259 from a $4,259 savings account.
A property division does not have to be equal, but must only be equitable under the circumstances of each case. Isham v.Isham, 464 So.2d 109 (Ala.Civ.App. 1985). We have carefully reviewed the record, with the attendant presumptions in mind, and find no error or abuse of discretion in the division of marital property. We cannot say that we would have arrived at the same division if we had been in the trial court's position; however, absent abuse of discretion or palpable error, we are prohibited from substituting our judgment for that of the trial court. Brannon, 477 So.2d 445.
The husband also argues that the court abused its discretion in awarding the wife the $6,300 IRA, which was in the husband's name. However, the wife testified that she turned over to the husband much of the money she made from her job. The parties did not maintain separate estates. Furthermore, the wife did not have a separate retirement plan at her place of employment, while the husband's retirement is secure because of his 25 years of employment with Reynolds. The trial court could therefore have taken into consideration the wife's retirement, as compared *Page 952 
to the husband's, and the fact that both parties could have contributed to the IRA. We note that the husband could not, during discovery or trial, fully disclose the amount of his retirement benefits.
The husband next complains that the trial court erred in awarding periodic alimony of $150 per week to the wife. He maintains that, taking into consideration the property division and his own diminished health, this amount of alimony is so excessive as to cripple him financially.
The record clearly shows that the trial court considered the appropriate factors — including the parties' present earnings and their ability to earn income in the future — when fashioning the award of periodic alimony. See Grimsley,545 So.2d 75. There is a large disparity in the parties' respective incomes, and such disparity will likely remain for the foreseeable future. The husband asserts that because he is currently on sickness-and-accident leave due to back trouble and faces the possibility of surgery, he will be unable to meet his financial obligations. However, the record indicates that the husband has worked with back problems since the 1970s. He requested to be taken off work only after the divorce action was filed. Moreover, we find that the disability payments he will receive from Reynolds and from certain insurance policies will enable him to meet such financial obligations. Suffice it to say that the husband's future prospects appear to be greater than those of the wife.
Finally, the husband contends that the trial court erred in placing a lien on his real property in order to secure payment of alimony to the wife. Our courts have consistently upheld such liens to ensure that a spouse receives periodic alimony.See, e.g., Robinson v. Robinson, 381 So.2d 637
(Ala.Civ.App. 1980). The trial court was positioned to observe the parties, to judge their credibility, and to determine the likelihood of their compliance with its order. We do not find that the trial court abused its discretion in imposing such a lien.
The judgment of the trial court is due to be affirmed.
The wife's request for an attorney's fee on appeal is granted in the amount of $500.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.