RUSSELL, Judge.
Following an ore tenus proceeding, the trial court entered a decree divorcing the parties on April 29, 1991. Pursuant to that decree primary custody of the parties’ children was vested in the wife, with visitation rights granted to the husband. The husband was ordered to pay $599 per month in child support. The court awarded the wife periodic alimony in the amount of $450 per month, to be automatically reduced to $200 per month upon the wife’s receipt of a bachelor’s degree from an accredited college. Such periodic alimony would continue until her death, remarriage, or cohabitation out of wedlock with someone of the opposite sex. The wife was also awarded the marital home and was held responsible for all indebtedness on the residence. The husband was ordered to pay $1,500 toward the wife’s attorney’s fee of $2,250.
The husband appeals. We affirm.
The husband raises three questions for our consideration: (1) whether the trial court’s award of periodic alimony was excessive and unsupported by the evidence; (2) whether the trial court erroneously deviated from the Child Support Guidelines when awarding child support; and (3) whether the trial court abused its discretion in awarding the wife an attorney’s fee.
In reviewing the trial court’s judgment in a divorce case presented ore tenus, we will presume the judgment to be correct until it is shown to be plainly and palpably wrong or unjust. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). Further, issues concerning alimony and child support are matters committed to the sound discretion of the trial court, *231 whose rulings on these matters will not be disturbed absent a showing of plain and palpable abuse of discretion. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1987).
The husband first contends that the trial court did not fully consider the parties’ earnings or their ability to earn income when ordering him to pay periodic alimony. We disagree.
It is well settled that a trial court has no rigid standards on which to base the determination of alimony, but is free to consider the facts and circumstances unique to each individual case. Some of the factors to be considered are the parties’ financial circumstances, their ages and the length of their marriage, their standard of living during the marriage, their future prospects, and, in appropriate situations, their conduct with reference to the cause of the divorce. Hughes v. Hughes, 362 So.2d 910 (Ala.Civ.App.1978).
The parties were married for approximately 16 years, and they have two children. The record indicates that in July 1990 the husband vacated the marital home and moved into an apartment. At the time of trial the wife was 36 years old and the husband was 38. When the parties married in 1975, the wife was a college student; however, she dropped out of school to work. Before the parties separated, the wife had returned to college, and she is expected to graduate in about two years. From 1982 to 1991 the wife did not work outside the home. She has recently worked at a temporary job making $5.75 per hour and has applied for, and expects to receive, a full-time clerical position, which would pay $5.93 per hour. She would receive no insurance benefits and would be required to attend college at night at her own expense.
The husband has worked for Chrysler as an assembly technician for 17 years and is a member of United Auto Workers. He earns $16.55 per hour and receives medical, dental, and life insurance at no cost to him. In 1988 and 1989 his gross employment income was $39,708 and $33,617, respectively. He claimed at trial, however, that his gross employment income for 1990 was $29,000 and that he is periodically laid off from his job. The record indicates that he was temporarily laid off for only two weeks during 1990 and that he experienced a temporary layoff during each of his 17 years with Chrysler. During these layoffs he receives unemployment compensation and sub-pay totalling about 85% of his normal salary.
The record clearly shows that the trial court considered the parties’ present earnings and their ability to earn income in the future when fashioning the award of periodic alimony. Excluding non-salary benefits, the wife’s income is approximately 36% of the husband’s. She must find the means to fund her remaining two years in college, as well as to pay for her health insurance premiums. Under the terms of the divorce decree, she is also obligated to pay mortgage installments and energy conservation loans totalling $455 per month. The husband’s argument that the wife’s standard of living will improve as a result of the divorce is not well taken, nor is his suggestion that the trial court failed to account for the wife’s future earning prospects. The husband offers no evidence to support his claim that the wife’s income will increase substantially upon her earning a college degree. What is more, the terms of the decree account for any increased earnings by the wife by providing that periodic alimony would decrease automatically to $200 per month when she receives her degree.
Because of the disparity in the earnings of the parties, and in view of the other terms of the divorce decree, we cannot consider the trial court’s award of periodic alimony to be palpably wrong or unjust.
The husband next contends that the trial court deviated from the Child Support Guidelines in awarding child support in the amount of $599 per month. We disagree.
Because this action was filed after October 9, 1989, application of the Child Support Guidelines, Rule 32, Alabama Rules of Judicial Administration, was mandatory. Whitfield v. Whitfield, 570 So.2d 700 (Ala.Civ.App.1990). We have examined the en *232 tire record — including a “Child Support Obligation Worksheet” prepared by the trial court for purposes of determining the support due the parties’ two children — and find that the trial court properly applied the guidelines. An award of support resulting from an application of the guidelines is presumed correct. Rule 32(A), A.R.J.A. The husband has offered no credible rebuttal as to why such application of the guidelines was unjust or inappropriate in the instant case.
Finally, the husband contends that the trial court abused its discretion by ordering him to pay $1,500 of the wife’s total attorney’s fee of $2,250. We disagree.
The allowance of an attorney’s fee in divorce cases is within the sound discretion of the trial court. In determining the propriety of awarding such fees, the trial court may consider the parties’ conduct, as well as their financial circumstances and earning capacities. Goree v. Dark, 550 So.2d 436 (Ala.Civ.App.1989). The award of an attorney’s fee will not be set aside except where the trial court’s discretion is plainly and palpably abused. Patterson v. Patterson, 555 So.2d 1094 (Ala.Civ.App.1989).
The husband argues that the trial court attempted, through the award of an attorney’s fee, to “punish” him for seeking a divorce. However, we have examined the record and find no evidence to support the husband’s contention. Viewing the record as a whole, and considering the relevant factors for the award of such fees, we find that the court did not abuse its discretion in awarding an attorney’s fee of $1,500.
The judgment of the trial court is due to be affirmed.
The wife’s request for an attorney’s fee on appeal is granted in the amount of $500.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.