RUSSELL, Judge.
The husband appeals from an order establishing his alimony obligation.
The parties were divorced in July 1987. In the divorce decree, the trial court divided the marital property, but reserved the right to award the wife periodic alimony in the future. The parties filed a modification agreement with the trial court in October 1987, providing that the wife would not pursue the issue of periodic alimony for three years.
On December 19, 1990, more than three years after the modification agreement was made, the wife filed a petition to modify the divorce decree, requesting periodic alimony for her support and maintenance. Following proceedings in which evidence was presented ore tenus, the trial court entered an order awarding the wife $400 per month in periodic alimony.
On appeal the husband asserts that the award of periodic alimony is unwarranted and is an abuse of the trial court’s discretion.
It is well settled that an award of alimony is a matter committed to the sound discretion of the trial court, whose judgment will not be reversed except for palpable abuse of that discretion. Lemon v. Lemon, 597 So.2d 229 (Ala.Civ.App.1992). Where the trial court is presented the evidence ore tenus, its judgment will be presumed correct until it is shown to be plainly and palpably wrong or unjust. Id.
We note that a trial court retains the power to later grant periodic alimony where, as in this case, the divorce decree provides that the court is reserving the issue of alimony for future consideration. Broadnax v. Broadnax, 558 So.2d 929 (Ala.Civ.App.1989). Furthermore, although the wife styled her petition as a “Complaint for Modification” and alleged “changed circumstances,” it was not incumbent upon her to prove that there had been changed circumstances since the entry of the divorce decree. Id. The wife’s petition was actually for an initial determination of alimony, and such allegations and proof were therefore unnecessary. Harmon v. Harmon, 598 So.2d 963 (Ala.Civ.App.1992).
Factors that a trial court should consider in determining an award of alimony include the current financial circumstances of the parties, their future prospects, their ages and health, the length of the parties’ marriage, the standard of living to which the parties have become accustomed during the marriage, and, in appropriate situations, the parties’ conduct with reference to the cause of the divorce. Jones v. Jones, 596 So.2d 949 (Ala.Civ.App.1992).
The record shows that the parties married in 1955 and raised three children together. At the time of trial the wife was 59 years old and the husband was 60. The wife had recently retired after more than *89 34 years as a public school teacher. She was receiving gross monthly teacher’s retirement pay of approximately $1,164 and collecting a monthly bank dividend of approximately $156, which equals a total monthly income of approximately $1,320 and a yearly income of approximately $15,-846. She testified that she had monthly living expenses of approximately $1,351 and yearly expenses of approximately $16,-221. She stated that she had few marketable skills other than her teaching experience and indicated that she did not know how to type or to use computers.
The record further shows that after twenty years of military service, the husband retired from the United States Army as a colonel just prior to the parties’ divorce in 1987. His military retirement income in 1990 was approximately $36,000, and, including bank dividend and interest income, his yearly gross income was $40,-519. He testified to monthly living expenses of approximately $1,709, which equals approximately $20,007 per year.
Under the terms of the original divorce decree, the wife was awarded the parties’ homeplace. At the time of trial, there was no mortgage indebtedness on the house, which was appraised at $115,000 in 1987. Under the parties’ October 1987 modification agreement, the husband transferred his ownership of an automobile supply business to the wife. The wife subsequently formed a partnership with the parties’ 34-year-old son, whereby the son runs the business and receives a 90% share of any profits, with the wife receiving 10%. The son continues to reside in the homeplace with the wife. The wife testified that he contributes approximately $100 per month for the maintenance of the household. The wife also testified that she pays $58 each month on an educational loan for her married daughter.
The husband contends that, in awarding periodic alimony, the trial court ignored the wife’s substantial assets in the form of the homeplace and the automobile supply business. He further contends that the wife is providing considerable financial assistance to the son who is living in the home with her and to the married daughter and that, as a result, he is wrongly being required to continue supporting his adult children by paying the wife alimony.
As to the husband’s first contention, the wife testified that, due to her lack of money, the condition of the homeplace has significantly deteriorated since 1987. She also argued that she should not be required to sell the home she has lived in for many years. Regarding the automobile supply business, the evidence indicates that the wife has received almost no money from the business since 1987. In its post-judgment findings of fact, the trial court concluded that the business has never earned any significant income for either party, before or after the divorce. There was testimony that the husband viewed the business as a financial liability and had asked the wife to take the business from him, and that the wife reluctantly agreed to assume ownership only because the business was financially threatened and she wanted to protect her credit rating, as her name appeared as a cosigner on the business loan. The wife stated that, under the terms of the modification agreement, she was now solely liable to the bank and that she had been forced to pledge her bank stock as collateral for an additional business loan. An accountant testifying on behalf of the wife stated that, in effect, the bank owns the entire business inventory, capital, and building.
As to her largesse toward her children, the wife testified that she knew nothing about running the automobile supply business and that it was necessary for the son to run it in order to keep it from going under. The wife believed that it was only fair that, since he was doing all the work, the son receive any profits from the business, especially in view of the fact that he had worked for the husband for three years without a salary. She indicated that when the business loans were paid off, the son would receive the business outright. There was evidence that the son also helped out with certain household expenses and maintenance. The wife also stated that she felt morally obligated to make payments on her daughter’s educational *90 loan because she and the husband had talked the daughter into taking out the loan when the daughter entered college.
The husband has also argued that the wife should not be awarded alimony because she “voluntarily” took a reduction in income by retiring. However, the wife testified that she retired due to the increasing stress of the job -and because she felt she had earned retirement after over 34 years. She argued, moreover, that she should not be penalized for doing now what the husband did in 1987. She testified that she was married to the husband for over 30 years while he got 20 years of military service and that she helped him get through college so that he could become an officer and eventually attain the rank of full colonel. The wife points out that she receives no benefits under the husband’s military retirement plan.
After viewing the evidence in light of the relevant factors, we cannot consider the trial court’s award of $400 per month in periodic alimony to be unwarranted or an abuse of discretion. See Jones, 596 So.2d 949. We further find no other evidence in the record to support the husband’s testimony that the modification agreement transferring the business was an “integrated bargain” whereby the parties intended that the wife permanently forfeit her right to alimony. Accordingly, it was not an abuse of the trial court’s discretion to order an award of alimony.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.