The parties were divorced in 1986. The mother was awarded custody of the parties' minor son. The father was ordered to pay $300 per month in child support.
In 1992 the father filed a petition to modify custody. The mother counterclaimed, requesting an increase in child support and a termination or suspension of the father's visitation rights. Following oral proceedings, the trial court denied the father's petition to change custody, increased the father's child support obligation, and denied the mother's request to terminate or suspend the father's visitation rights. The father appeals.
Initially, the father asserts that the trial court erred in increasing his child support obligation. He insists that there was not sufficient proof of a change in circumstances to support a modification of the original decree. He additionally contends that the trial court used the incorrect standard in determining whether a modification was appropriate.
A prior child support award may be modified only on proof of changed circumstances, and the burden of proof rests on the party seeking the modification. Kellum v. Jones, 591 So.2d 891
(Ala.Civ.App. 1991). The standard for determining changed circumstances is the increased needs of the child and the ability of the parent to respond to those needs. Moore v.Moore, 575 So.2d 95 (Ala.Civ.App. 1990). The modification of child support for changed circumstances is a matter strictly within the trial court's discretion. The trial court's decision will not be disturbed upon appeal unless there is a clear abuse of discretion. Kellum.
Once a change in circumstances is proven, Rule 32(A), Ala.R.Jud.Admin., establishes a rebuttable presumption that the correct amount of child support results from the application of the guidelines. Moore.
The record reflects that the father's income had increased and that the mother had recently become unemployed. There was no evidence presented depicting the specific monetary needs of the child. The original child support award was entered seven years previously when the child was three years old. This court has held that the increase in age of a minor child and the *Page 830 
correlative increase in need for support, when coupled with the increase in the cost of living due to inflation, is sufficient to constitute a material change of circumstances. Miller v.Miller, 437 So.2d 574 (Ala.Civ.App. 1983).
Our review of the record supports the trial court's determination to increase the father's child support obligation. We find the father's increased income, the increased needs of the child, and the decreased purchasing power of the award made seven years ago to be sufficient to constitute a material change in circumstances and to support a modification. Kellum. The father does not question the application of the guidelines and the ensuing amount of the increase. We find that the guidelines were appropriately applied by the trial court.
In increasing the father's support obligation, the trial court stated: "[t]he [mother] has met her burden of proof of showing a material change of circumstances that is substantial and continuing and that application of Rule 32 of the Alabama Rules of Judicial Administration will result in an increase in child support which exceeds ten (10%) percent." It appears that the trial court utilized amended Rule 32(A)(3)(b), Ala.R.Jud.Admin., in increasing the father's obligation. The amended rule was not in effect at the time the order was entered. Sanders v. Gilliland, 628 So.2d 677 (Ala.Civ.App. 1993). The trial court, however, found that the mother proved a material change of circumstances that was substantial and continuing. Such a finding meets the standard of the pre-amended rule. Moore. We find no error.
The father next asserts that the trial court erred in awarding $3,500 in attorney fees to the mother.
The award of attorney fees is a matter within the discretion of the trial court. Its judgment will not be reversed on appeal unless it is clearly shown that discretion has been abused.Goree v. Dark, 550 So.2d 436 (Ala.Civ.App. 1989). Factors which the trial court should consider in making such awards include the results of the litigation, the nature of the conduct of the parties, the financial circumstances of the parties, and the earning capacities of the parties. Goree.
Considering the factors above, we cannot say that the trial court abused its discretion in entering an award of attorney fees against the father. The father does not question the amount awarded. The record reflects that the father stipulated at trial that $3,500 was a reasonable amount to be awarded, if the court were to make such an award. We find no error.
The father finally asserts that the trial court erred in refusing to modify custody.
The parent seeking modification of a previous order granting custody bears the stringent burden of proving that a change in custody will materially promote the child's best interests.Ex parte McLendon, 455 So.2d 863 (Ala. 1984). The moving parent must demonstrate to the trial court that such a change in custody will more than offset the inherently disruptive effect caused by uprooting the child. McLendon.
The evidence presented by the father falls far short of the burden placed upon him by McLendon. We perceive no useful need to relate the evidence presented in the trial court. We find no error.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 831