This is an appeal from denial of a petition to modify. We affirm.
The parties were divorced by decree rendered December 13, 1977. The divorce was granted on the ground of adultery by the wife. The parties were given joint custody of their two minor children. The husband was to have the children on weekends, and the wife during the week. The husband was ordered to pay $400 per month in child support to the wife. The decree denied alimony to the wife.
The wife did not appeal but moved to modify on July 25, 1978. She alleged as a material change in circumstances that she had been fired from her job as a teacher for the Oneonta City Board of Education. She requested an increase in child support, an award of alimony, and an attorney's fee.
Oral hearing was held on September 12, 1978. The wife's evidence tended to show that her financial position had worsened since the divorce. In addition to losing her salary as a schoolteacher, the wife had purchased a $65,000 home, requiring mortgage payments of $385 per month. She had purchased additional furniture and a new car. She had made repairs and improvements on the new home. She stated the children's expenses had increased. Altogether she had spent in six months some $45,000 cash she received at the time of divorce. She testified she was willing to work but unable to find a job within her field.
The husband, a physician, stated his 1977 net income to be $38,927. However, his professional corporation had a decrease in gross income of twelve percent for the year. *Page 1134 
This might result in a reduction of his salaried income.
After hearing, the trial court denied the wife's petition. The court noted that although the wife had some change in her financial position, the change had not related to the requirements for child support. The court found the proportionate shares of the children's expense to be close to the amount of $400 per month which the husband had been ordered to pay.
We first observe that the request for an award of alimony was properly denied. If a judgment of divorce is entered without alimony or reservation of future consideration, the power to grant is lost. Northcutt v. Northcutt, 262 Ala. 98,77 So.2d 336 (1954).
The wife contends the trial court erred by not granting her an increase in child support. Such a modification must be founded upon changed circumstances as to the needs of the children and the means of the parent. It is a matter for exercise of judicial discretion. The judgment of the trier of fact will be disturbed on appeal only if the evidence shows the trial court to be plainly wrong. Morrow v. Morrow,351 So.2d 923 (Ala.Civ.App. 1977). We find no plain error in the judgment below.
The wife also contends error by denial to her of an attorney's fee. Her contention must fail. An award of an attorney's fee in a proceeding to modify child custody provisions of a divorce decree is a matter largely within the discretion of the trial court. Brock v. Brock, 281 Ala. 525,205 So.2d 903 (1967).
Our decision here is not to be considered conclusive of the proposition that an award of child support may not be increased when it is shown that the mother and custodian has suffered personal financial reverses. If such reverses are so severe as to seriously impair the welfare of the children and it is shown that the father is capable of increased support, an increase may be awarded, even though it may incidentally benefit the mother. We do not find the circumstances shown in this case to show necessity for such a judgment.
The trial court, having not abused its discretion in denying the wife's petition, is due to be affirmed.
Appellant's request for attorney's fee on appeal is denied.
AFFIRMED.
BRADLEY, and HOLMES, JJ., concur.