The husband appeals from an order finding him in contempt and establishing his alimony obligation.
After twenty-seven years of marriage the parties were divorced. The divorce decree divided the marital property, but reserved the right to award the wife periodic alimony in the future.
Subsequently, the wife filed a petition to hold the husband in contempt for his willful failure to abide by certain provisions of the divorce decree. She also petitioned the *Page 930 
court to provide an amount of periodic alimony.
After a hearing, the court entered an order which, in summary, found that the wife was awarded an automobile in the divorce decree and when the husband delivered it to her it was in a substantially altered condition, containing inferior parts; found that the husband "willfully and contemptuously refused" to allow the wife to obtain certain household items which she was awarded pursuant to the divorce decree; and awarded the wife: $150 per month in periodic alimony, $300 to compensate for the alterations to the automobile, the household items she had been unable to obtain, and $1,500 as an attorney's fee. The court sentenced the husband to jail for five days for his contempt, but gave him the option to purge himself by complying with the court's order.
The husband first contends that the court erred by establishing periodic alimony "where no change of circumstances [was] either pleaded or proved."
If a judgment of divorce is entered without an award of alimony, the power to grant it is lost unless the court reserves the right to grant alimony in the future. Murphreev. Murphree, 366 So.2d 1132 (Ala.Civ.App. 1979). The original divorce decree specifically reserved the issue of an award of periodic alimony until further order of the court. The reservation by the court merely delayed the initial or original award of alimony. As there was not a modification of a prior award of alimony, the requirement of proving "changed circumstances" does not apply.
The evidence adduced at the hearing shows that the income of the wife from part-time employment is approximately $300 per month and her monthly expenses are about $800. We find no error in the periodic alimony award to the wife of $150 per month.
The husband contends that the court erred by finding him in contempt and ordering him incarcerated.
Appellate review of a contempt order is by way of an extraordinary writ and not by direct appeal. Williamson v.Williamson, 391 So.2d 115 (Ala.Civ.App. 1980). However, in accordance with Thomas v. Thomas, 406 So.2d 939
(Ala.Civ.App.), cert. denied, 406 So.2d 943 (Ala. 1981), we treat this aspect of this appeal as a petition for writ of certiorari.
The scope of review on certiorari is limited to questions of law, and our inquiry is only to determine whether there is any legal evidence to support the decisions of the trial court.Patterson v. Patterson, 518 So.2d 739 (Ala.Civ.App. 1987).
The husband has asserted that the finding of contempt was improper in several instances.
The parties' divorce decree awarded the wife an automobile, all household items not specifically awarded to the husband, and part of the equity in the parties' home, and stated that the wife "shall be allowed" access to the home to remove her household items.
The contempt petition filed by the wife asserted that the husband had substantially altered the awarded automobile before delivering it to her. She also charged that the husband had obstructed her attempts to obtain possession of various household items and dining room furniture.
The record reveals conflicting evidence on these assertions. However, the presence or absence of contempt is a matter for the court to determine. Reddish v. Reddish,455 So.2d 891 (Ala.Civ.App. 1984). Since the record is replete with evidence that the husband has failed to fully comply with the spirit and letter of the divorce decree, we find no error in the finding of contempt.
The husband last argues that the court erred in awarding the wife $300 to compensate for the alterations to the wife's automobile.
The testimony of the wife and the parties' son indicates that the automobile was in a different condition than that prior to the divorce decree. When the wife obtained possession of the automobile, the wheels and tires were "worn and rusty," *Page 931 
the floor mats had been exchanged and were "worn out," and there were changes in the engine and radiator. The award of $300 to the wife was merely to compensate her for these alterations to the automobile.
Equity delights to do justice, and not by halves. Owensv. Owens, 281 Ala. 239, 201 So.2d 396 (1967). We find no error.
The wife had requested an award of attorney's fee on appeal. The request is granted in the amount of $500.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.