This case involves post-divorce proceedings.
The parties divorced in 1989. The divorce decree provided that "[t]he court reserves the issue of periodic alimony for future consideration." The wife filed a petition to modify the decree requesting periodic alimony for her support and maintenance. She later amended the petition to include requests for insurance and to ask that the husband be required to pay the indebtedness on the second mortgage on the parties' home. Following a hearing in which the trial court received testimony from the parties, the trial court entered an *Page 964 
order refusing to modify the decree stating that ". . . it is the opinion of this Court that there does not appear to be such a material change of circumstances of the parties to justify a modification." After her post-trial motion was denied, the wife appealed.
The dispositive issue on appeal is whether the trial court erred in denying the wife an award of periodic alimony.
It is well-established that the issue of alimony, or its modification, lies solidly within the trial court's discretion and will be reversed only where there is an abuse of that discretion. Robinson v. Robinson, 475 So.2d 880 (Ala.Civ.App. 1985).
The instant case is similar to Broadnax v. Broadnax,558 So.2d 929 (Ala.Civ.App. 1989), wherein the trial court merely delayed the issue of alimony by reserving it for future consideration. Without such a reservation, the power to grant alimony is lost. Murphree v. Murphree, 366 So.2d 1132
(Ala.Civ.App. 1979). In Broadnax, we determined that the requirement of proving changed circumstances does not apply when there was not a prior award of alimony.
Although the wife in the instant case styled her petition "to modify," she did not allege any change in circumstances to warrant a modification. Under Broadnax, her petition is actually for an initial determination of alimony and such allegations and proof are unnecessary.
The record for appellate review contains an excellent statement of the evidence pursuant to Rule 10, A.R.App.P., which was developed by both parties and approved by the trial court. Additionally, the trial exhibits are contained in the record. There is extensive evidence concerning the financial conditions and needs of the parties which was considered by the trial court. Additionally, the trial court received ore tenus evidence from both parties regarding the financial conditions of the parties. That evidence could support a determination not to award an amount of periodic alimony at this time.
Our concerns in the instant case lie in the wording of the trial court's order. It is well-established that a trial court's correct decision will not be disturbed even if the court gives the wrong reason. Boykin v. Magnolia Bay, Inc.,570 So.2d 639 (Ala. 1990). There is ample evidence in the record in the instant case upon which a trial court could deny setting an amount of original periodic alimony. The order, however, expressly denies the wife's petition to modify. To affirm the trial court's order as it is presently worded would have the effect of forever denying the wife's right to receive periodic alimony in the future, an issue expressly reserved for future determination by the trial court in the original divorce decree. Therefore, we must reverse the judgment denying the wife's petition to modify. The trial court should determine whether the wife is entitled to an initial award of periodic alimony, and if so, in what amount, or whether to continue to delay determining that issue. Such determination may be based on the evidence presented.
The wife's request for an attorney's fee for representation in this appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs.
RUSSELL, J., concurs in result only.