This is a post-divorce case.
Sherrill Bruce Jeffcoat and Barbara Swindle Jeffcoat divorced in January 1990. The divorce decree incorporated an agreement of the parties providing for property division, alimony, and child support. The record reflects that, in accordance with the agreement, the trial court reserved the right to award periodic alimony.
In May 1992, the wife filed a petition for contempt and modification in which she alleged a change in circumstances. One basis for her petition was because the parties' adult son had been seriously injured in an automobile accident, requiring surgery, rehabilitation, and full-time nursing care, which was provided by the wife for approximately four months. During that time, the wife was unable to work and she exhausted her financial resources.
Following an ore tenus proceeding, the trial court found the wife entitled to periodic alimony, and it ordered the husband to pay the wife $4,000 as "retroactive periodic alimony." The husband appeals, arguing that the trial court abused its discretion in awarding "retroactive" alimony to the wife.
We are mindful of the presumption of correctness that attaches to a judgment based on ore tenus evidence.Howell v. Bradford, 570 So.2d 643 (Ala. 1990). Further, the issue of alimony is within the sound discretion of the trial court, and its decision on this matter will not be overturned on appeal unless there is a plain and palpable abuse of that discretion. Ex parte Jackson, 567 So.2d 867 (Ala. 1990).
The instant case is similar to Harmon v. Harmon,598 So.2d 963 (Ala.Civ.App. 1992), wherein the trial court merely delayed determining the issue of alimony by reserving it for future consideration. Without such a reservation, the power to grant alimony is lost. Murphree v. Murphree, 366 So.2d 1132
(Ala.Civ.App. 1979).
In Broadnax v. Broadnax, 558 So.2d 929 (Ala.Civ.App. 1989), it was determined that the requirement of proving changed circumstances is not required when there is not *Page 743 
a prior award of alimony, as in the case sub judice. Here, although the wife styled her petition as one for "modification," nevertheless, pursuant to Broadnax, her petition was actually for an initial determination of alimony, and such proof is unnecessary.
The record reflects that while both parties are educated and gainfully employed, nevertheless, the wife's employment as a teacher was terminated in May 1991, apparently due to proration. The wife accepted a job in sales as a "pre-needs counselor" with Rideout's Funeral Home (Rideout's), to begin in October 1991.
In September 1991, the parties' nineteen-year-old son was seriously injured in an automobile accident, resulting in both legs being crushed, and requiring surgery, immobilization, confinement to bed, and continuous care. The wife delayed her employment with Rideout's until January 1992 so that she could provide continuous nursing care for the parties' son. During the period she provided such care, the wife depleted her savings and cash, some of which was necessary to pay medical bills not covered by insurance.
At trial, the wife testified that as a teacher, she earned approximately $26,000, and she further testified that although her earnings vary, she earned approximately $29,000 during the time she had worked for Rideout's. She testified that she is considered self-employed at Rideout's, and that she must pay her own social security and self-employment taxes, and that she has no insurance or retirement benefits, which were available to her as a teacher.
The husband testified that he is an operations manager for Alabama Power Company, and that he now earns approximately $60,000 annually. The record discloses that the son ultimately recovered a legal settlement of approximately $111,000, which included claims for medical payments, property damage, and personal injury; however, nothing in the record indicates that the son paid anything to the mother.
It is the husband's position that in view of the son's settlement, the wife could have been reimbursed, and the fact that the award of alimony was "retroactive," and thus illegal, amounted to an impermissible award of alimony in gross.
The trial court has no rigid standards it must apply in making an alimony award; instead, it is free to consider the unique facts and circumstances of each case when fashioning its award. Doyle v. Doyle, 579 So.2d 651 (Ala.Civ.App. 1991). Additionally, it may order rehabilitative alimony for the support of the wife. Doyle, supra. Further, the existence of a termination date is within the trial court's power. Barran v.Barran, 431 So.2d 1278 (Ala.Civ.App. 1983). Thus, Doyle and its progeny have established rehabilitative alimony as a sub-class of periodic alimony. The requirements for alimony in gross are not met here. Although the amount may be ascertained and there exists a termination date, the award is clearly in the nature of a support award, not a vested right. Trammellv. Trammell, 523 So.2d 437 (Ala.Civ.App. 1988). The purpose of periodic alimony is for the financial support of the recipient spouse. White v. White, 589 So.2d 740 (Ala.Civ.App. 1991).
Regardless of the trial court's use of the term "retroactive," it is apparent that the trial court's award of alimony in this case was in the nature of "rehabilitative" alimony for the wife's financial support during this period of time. Rehabilitative alimony is appropriate when supported by the evidence. Sammons v. Sammons, 598 So.2d 941
(Ala.Civ.App. 1992). Although the terminology was incorrect, it is clear from the record that the trial court's intention was to order the husband to financially support the wife, allowing her time to re-establish a self-supporting status. The law is well settled that a trial court's correct decision will not be disturbed, even if the court gives the wrong reason. Boykin v.Magnolia Bay, Inc., 570 So.2d 639 (Ala. 1990). As such, the award was not an abuse of discretion, and therefore, we find no error. Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur. *Page 744