THIGPEN, Judge.
In July 1991, Donald F. McAfee (husband) filed a complaint for divorce against Wilma S. McAfee (wife), his wife of approximately 40 years. The wife answered and the matter was heard in November 1991. No court reporter was present, nor were the proceedings recorded or reproduced.
In January 1992, the trial court divorced the parties, divided their property, and provided for periodic alimony in the amount of $750 per month to be paid 'to the wife. The husband’s post-judgment motion for a new trial was granted in March 1992, and the matter was set for trial before a judge with a court reporter. In June 1992, the wife filed a counterclaim for divorce, alleging, inter aha, adultery, and that she is disabled. She also requested spousal support from the husband. Following the husband’s answer and denial, the parties conducted discovery, and the court entered a pre-trial order.
When the case was called for trial in July 1992, the parties announced a settlement, and the court entered a new order pursuant to an agreement. That order reinstated portions of the prior order and made a different disposition of other matters, including debts and periodic alimony. Specifically, it awarded no periodic alimony, but reserved the issue of alimony. Additionally, it requires the husband to hold the wife harmless as to any and ah outstanding debts, “including but not limited to the Chase Advantage account No. 2171237254 which may be in the name of the [wife]. Said debts also include any and all business debts related to the parties marriage.” The order required the wife to pay her separate debts incurred after their separation.
In February 1993, the wife filed a motion requesting the court to order the husband to begin making periodic alimony payments because of what she alleged to be her advanced age and limited earning capacity. Additionally, she filed a motion for review, wherein she alleged, inter alia, that the husband was in contempt of the July order in that he had failed to deliver certain property and to pay certain debts as ordered. The husband denied the allegations. Following a hearing, an order was issued in May 1993, ordering the husband to pay to the wife $250 per month as periodic alimony, commencing May 31, 1993. Additionally, the court ordered the husband to pay a particular debt. The husband’s post-judgment motion was heard and denied in August 1993, and he appeals.
The husband contends that the trial court abused its discretion by awarding the wife periodic alimony. He argues that the wife failed to present any evidence of a change in circumstances and no evidence of his future prospects, his age, health, or his ability to pay.
This court will not disturb the trial court’s findings based on ore tenus evidence unless there is a clear showing that the findings are plainly and palpably wrong, with no evidence to support them. Pinkston v. Hartley, 511 So.2d 168 (Ala.1987).
The husband’s contention that the wife is required to prove a change in circumstances in order to make an initial award of alimony is without merit. The court’s reservation of the question of alimony merely delayed the initial or original award of alimony. Because the order awarding alimony was not a modification of a prior award, the requirement of proving “changed circumstances” does not apply. Harmon v. Harmon, 598 So.2d 963 (Ala.Civ.App.1992).
The husband next contends, in substance, that he is unemployed, and therefore, that he is unable to pay the sums ordered. He correctly notes some factors to be considered in awarding alimony. See Daugherty v. *124 Daugherty, 606 So.2d 157 (Ala.Civ.App.1992). When the trial court exercises its discretion in a divorce case after personally hearing the evidence, however, its judgment is presumed to be correct and will be set aside only for a plain and palpable abuse of that discretion. Bradley v. Bradley, 467 So.2d 255 (Ala.Civ.App.1985). The trial court heard evidence that, if believed, could support a conclusion that the wife was disabled and had a limited income consisting only of social security benefits, and that she had little prospect or no prospects of future employment, and that the husband, who has since remarried, has the ability to be self-employed or employed by others and to produce income, but chooses not to do so. An award exceeding a husband’s stated income does not automatically amount to an abuse of discretion by the trial court. Hurd v. Hurd, 397 So.2d 133 (Ala.Civ.App.1980). In making the initial award of alimony, the trial court may consider the parties’ ability to earn, as opposed to the parties’ actual income. Lones v. Lones, 542 So.2d 1244 (Ala.Civ.App.1989). This rule of law is particularly applicable to the facts of the present case.
The judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.