Linda Crenshaw (the "wife") and Charles Crenshaw (the "husband") were divorced in 1997. The judgment reserved the issue of periodic alimony. In December 1998, the wife filed a petition for alimony or, in the alternative, a motion to modify alimony. After a hearing, the trial court denied that petition. The wife appeals, arguing that the trial court's indication in the record that she must prove a change in circumstances to be entitled to alimony is legal error, that the admission of the husband's medical records was error, and that the trial court's denial of her petition for alimony will prevent her from petitioning for alimony again in the future.
The wife argues that she was not required to prove a change in circumstances because this was, in essence, an initial determination of alimony. See Broadnax v. Broadnax, 558 So.2d 929, 930 (Ala.Civ.App. 1990). Indeed, Broadnax did hold that a determination of the alimony issue after an initial reservation was an original determination of alimony and that a change in circumstances need not be proven. Broadnax, 558 So.2d at 930. Several other cases have followed the holding inBroadnax, see McAfee v. McAfee, 646 So.2d 122 (Ala.Civ.App. 1994);Jeffcoat v. Jeffcoat, 628 So.2d 741 (Ala.Civ.App. 1993); Prickett v.Prickett, 615 So.2d 87 (Ala.Civ.App. 1992); Harmon v. Harmon, 598 So.2d 963
(Ala.Civ.App. 1992), also holding that a petitioner like the wife here need not prove a change in circumstances to entitle her to alimony.
However, this court has decided several other cases, both before and after Broadnax, that either review the request as a modification request, see Thornburg v. Thornburg, 628 So.2d 885, 886 *Page 1048 
(Ala.Civ.App. 1993), or, in situations where this court ordered or affirmed an original reservation, indicate that the court is reserving alimony for reconsideration in the event that the parties' circumstances change.See, e.g., Craft v. Craft, 647 So.2d 781, 783 (Ala.Civ.App. 1994) (reversing the trial court's failure to reserve alimony and instructing it to "enter an order reserving the power to award alimony in the future, should circumstances warrant"); Pilgrim v. Pilgrim, 596 So.2d 942,944 (Ala.Civ.App. 1992) ("we find that the trial court erred in not reserving the right to award periodic alimony based upon future considerations"); Beason v. Beason, 571 So.2d 1155, 1156-57
(Ala.Civ.App. 1990); Whitehead v. Whitehead, 494 So.2d 456, 458
(Ala.Civ.App. 1986) (stating that the failure to reserve "jurisdiction to award alimony in the future should circumstances so require" was error).
After reconsidering the holdings of Broadnax and its progeny, we conclude that those cases should be overruled. The central underpinnings of the holding in Broadnax are that the trial court has deferred the initial award of alimony and, because of this "fact," that the trial court is not modifying anything. However, the trial court's decision to reserve alimony is, for all intents and purposes, a denial of alimony at the time of the original divorce. As several of this court's cases have stated, the trial court should reserve the issue of alimony if the facts indicate that future circumstances may entitle a party to an award of alimony. See, e.g., Grice v. Grice, 673 So.2d 772, 775 (Ala.Civ.App. 1995) (reversing failure to reserve alimony because of the possibility that wife's health would deteriorate in the future); Dodd v. Dodd,669 So.2d 915, 917 (Ala.Civ.App. 1995) (same); Chambliss v. Chambliss,587 So.2d 406, 408 (Ala.Civ.App. 1991) (same). To allow the trial court to revisit the issue of alimony after the entry of the judgment, without a showing of a change in circumstances, is akin to allowing an untimely motion for new trial on the issue. If the circumstances of the parties were such that an award of alimony was not warranted at the time of the divorce, then to allow the court to award alimony at a later time when circumstances have not changed would be illogical.
Accordingly, we overrule Broadnax and its progeny, and we reaffirm the holdings of cases like Craft v. Craft, 647 So.2d at 783; Pilgrim v.Pilgrim, 596 So.2d at 944; and Whitehead v. Whitehead, 494 So.2d at 458, that a request for an award of alimony after the reservation of the issue must be based upon a material change of circumstances.
In light of that overruling, the wife's argument that the trial court erred by requiring her to show a change in circumstances is no longer supported by valid authority. However, we are not certain whether the trial court required the wife to prove a change in circumstances. At the hearing, the trial court indicated that it believed that the wife was required to prove a change in circumstances. However, the trial court's judgment, which was entered later, did not indicate why it did not award alimony to the wife. Regardless, under the now overruled analysis advanced in Broadnax or under the modification analysis, we conclude that the evidence at trial would support a finding that the wife was not entitled to an award of alimony at the time the court ruled.
When the parties were divorced, the wife was working part-time at a Winn-Dixie supermarket, earning less than $2,000 per year. The husband was earning approximately $27,500 as a vacuum-cleaner repairman for the Electrolux Company. The wife was awarded the marital *Page 1049 
residence, subject to an indebtedness, and a vehicle. The husband was ordered to assume the debt associated with that vehicle. He, too, was awarded a vehicle, subject to the indebtedness thereon. The wife retained all the furnishings in the home. The husband was ordered to pay the debts of the marriage.
Since the divorce, the husband has remarried. He and his new wife live in a $110,000 home, for which they make an $810 monthly mortgage payment. The down payment for the residence was made primarily with moneys the husband withdrew from his retirement account. The husband earned approximately $27,587 in 1996, the year the wife sued for a divorce. He earned $25,207 in 1997 and $24,483 in 1998. He testified that he earned $25,781 in 1999. He testified concerning health problems, including two rotator-cuff surgeries, one knee surgery, anticipated knee-replacement surgery, and some colon-and stomach-related illnesses. He testified that he takes several medications. He also testified that he would not be able to maintain his new standard of living if his second wife, who contributes significantly to the household, did not work.
Since the divorce, the wife has attained a full-time position at Winn-Dixie. She earns approximately $17,600 per year. She sold the former marital residence because she could not afford the $445 monthly mortgage payment. She testified that she realized $12,000 from the sale of the marital residence, but that she had expended approximately $5,000 on repairs to the house. After living in an apartment for several months, the wife purchased another home, for which she paid approximately $37,000, on which she makes a monthly mortgage payment of $312. Her daughter lives with her and pays her $50 per week in rent.
After considering the parties' respective expenses and deducting those expenses from their approximate monthly income, they each have approximately $300 remaining at the end of each month.[1] The wife's testimony about why she was requesting alimony was that "she had gone as far as she could go at Winn-Dixie" and that she deserved it. The wife does have over $10,000 in consumer debt, which, she testified, includes mortgage payments on the marital residence, while the husband has paid off the former marital debts and specifically mentioned only a $2,000 debt on a Sears credit card when testifying about his expenses.
The question whether to award alimony is entrusted to the sound discretion of the trial court, and the court's ruling on that question will not be set aside absent an abuse of that discretion. O'Neal v.O'Neal, 678 So.2d 161, 164 (Ala.Civ.App. 1996). In deciding whether to award alimony, the trial court may consider several factors, including the parties' respective present and future earning capacities, their age and health, their conduct, the duration of the marriage, and the value and type of their marital property. Lutz v. Lutz, 485 So.2d 1174
(Ala.Civ.App. 1986). "[T]he purpose of periodic alimony is to support the former dependent spouse and enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until that spouse is self-supporting or maintaining a lifestyle or status similar to the one enjoyed during the marriage." O'Neal, 678 So.2d at 164 (emphasis added).
The trial court could have concluded that the wife was sufficiently self-supporting *Page 1050 
and that the husband did not have sufficient income from which to pay her alimony. In addition, although it appears that the husband has achieved a higher standard of living without an increase in income, the trial court could have determined that the wife was enjoying a status similar to the one enjoyed during the marriage. Arguably, the wife did demonstrate a change in circumstances; that change, however, was an improvement in her own circumstances and was not one sufficient to convince the trial court that an award of alimony to the wife was warranted. All of these possible conclusions would be supported by the evidence of record. The wife has failed to prove that the trial court abused its discretion in failing to award her alimony.
The wife also contends that the trial court erred by admitting the husband's medical records over her objection. Although it appears that the records of Dr. Albert F. Haas were not authenticated, see Ala. Code 1975, § 12-21-5; Rule 44(h), Ala.R.Civ.P.; Blackman v. Gray RiderTruck Lines, Inc., 716 So.2d 698, 701 (Ala.Civ.App. 1998), and although the records may indeed contain inadmissible hearsay, see Rules 801 and 802, Ala. R. Evid., the records were simply cumulative evidence supporting the husband's undisputed testimony concerning his surgeries, ailments, and medications. See Whisenant v. Nationwide Mut. Fire Ins.Co., 577 So.2d 909, 911 (Ala. 1991). The wife fails to explain how the admission of the medical records prejudiced her substantial rights. Therefore, we conclude that any error in admitting the records was harmless. See Rule 45, Ala.R.App.P.
Finally, the wife argues that the trial court's denial of her petition may forever foreclose her from receiving alimony in the future. SeeHarmon, 598 So.2d at 964. In Harmon, this court reversed the trial court's denial of what the wife had termed a "petition to modify" even though the evidence was sufficient to affirm the trial court's decision not to award alimony at that time. Id. This court pointed out that the express denial of the petition to modify "would have the effect of forever denying the wife's right to receive periodic alimony in the future, an issue expressly reserved for future determination by the trial court in the original [judgment]." Id.
This court has today overruled Harmon insofar as it followed the holding in Broadnax. We further overrule that portion of the opinion inHarmon holding that a denial of a petition for alimony after the reservation of the issue in the original judgment would forever foreclose the wife's right to seek periodic alimony again in the future. To hold that the wife is forever foreclosed from being awarded periodic alimony simply because, upon a petition to modify, the trial court fails to find a sufficient change in circumstances is as illogical as holding that a change in circumstances is not required for an award of alimony after an initial reservation of the issue. Accordingly, the trial court's denial of the wife's petition to modify here does not foreclose her right to seek a modification in the future should circumstances warrant.
The wife's request for an attorney fee on appeal is denied.
AFFIRMED.
Thompson, Pittman, and Murdock, JJ., concur.
Yates, P.J., concurs in part and dissents in part.
[1] We have not included the $50 per week the wife receives from her daughter in the calculation. Nor have we used her net income, as expressed on her exhibit 4. Instead, we have used the parties' gross incomes.