I respectfully dissent from that portion of the main opinion overrulingBroadnax v. Broadnax, 558 So.2d 929 (Ala.Civ.App. 1989), and its progeny, and holding "that a request for an award of alimony after *Page 1051 
reservation of the issue must be based upon a material change of circumstances." 816 So.2d 1048. When the trial court reserves the issue of periodic alimony, it is delaying the initial or original award and is not necessarily denying an award. There may be instances where the parties have agreed, and the court has determined, that the issue of periodic alimony need not be addressed until later. In those instances, no modification can occur, because there was no prior award of periodic alimony. I recognize the confusion that has occurred because of our various holdings; however, I think that when a trial court reserves the issue of alimony and then later deals with that issue it is to consider the same factors it would have considered if it had dealt with the issue in the original divorce proceeding. In a particular case the court may be warranted in considering a change of circumstances; however, a decision to consider such a change should be based on the facts of the case and should not be based on a general principle of law. Therefore, I would continue to apply our holding in Broadnax and the cases following it.