MOORE, Judge,
concurring in part and dissenting in part.
I concur in all aspects of the main opinion except for that portion dealing with the failure of the trial court to reserve jurisdiction to award Bobbi B. Enzor periodic alimony. As the main opinion notes, our caselaw has consistently held that, when awarding rehabilitative alimony, a trial court commits reversible error by failing to reserve jurisdiction to later award periodic alimony. See, e.g., Edwards v. Edwards, 26 So.3d 1254 (Ala.Civ.App.2009), and Fowler v. Fowler, 773 So.2d 491, 495 (Ala.Civ.App.2000). The main opinion overrules that consistent line of cases on the ground that, because there is no substantive distinction between rehabilitative alimony and periodic alimony, the award of the former impliedly entails the right to modify the judgment to award the latter, at least so long as the rehabilitative-alimony period has not expired. 98 So.3d at 22. I respectfully disagree.
As I explained at length in my dissent in Stanford v. Stanford, 34 So.3d 677, 681-86 (Ala.Civ.App.2009) (Moore, J., dissenting), the law recognizes a distinction between rehabilitative alimony and periodic alimony. Although rehabilitative alimony has been described as a “sub-class” of periodic alimony, see Jeffcoat v. Jeffcoat, 628 So.2d 741, 743 (Ala.Civ.App.1993), overruled on other grounds by Crenshaw v. Crenshaw, 816 So.2d 1046, 1048 (Aa.Civ.App.2001), the two forms of alimony are not the same, and an award of one does not imply an award of the other. The former is designed to provide temporary support for a dependent spouse until that spouse can become self-supporting through vocational rehabilitation or otherwise. The latter is designed to provide more long-term support for a dependent spouse who cannot otherwise achieve the economic level necessary to maintain the former marital lifestyle. Rehabilitative alimony may totally fulfill its purpose, thereby obviating the need for periodic alimony entirely; conversely, periodic alimony may be the only viable remedy if a dependent spouse has no real potential for economic rehabilitation. In some cases, rehabilitative alimony may only partially relieve the dependency of the receiving spouse, requiring additional periodic alimony in order to allow that spouse to maintain the former marital standard of living. In any case, the two forms of alimony serve mutually exclusive ends. Hence, our prior caselaw correctly decided that a trial court does not automatically reserve jurisdiction to award periodic alimony when ordering rehabilitative alimony.
Therefore, I respectfully dissent as to this issue. I find our prior treatment of this issue to be correct, and I find no compelling justification for overruling our established caselaw on the subject, particularly in the absence of any invitation to do *24 so. Moore v. Prudential Residential Sens. Ltd. P’ship, 849 So.2d 914, 926 (Ala. 2002) (“Stare decisis commands, at a minimum, a degree of respect from this Court that makes it disinclined to overrule controlling precedent when it is not invited to do so.”).