PER CURIAM.
Cedric A. Marshall (“the husband”) appeals from a judgment of the Monroe Circuit Court (“the trial court”) dissolving his marriage to Lisa Lashonda Marshall (“the wife”) and challenges the provisions of that judgment awarding the wife (1) periodic alimony and (2) $7,000 as part of the division of the parties’ property. We affirm.
In 2012, the wife sued the husband for a divorce, and the husband asserted a counterclaim for a divorce. Before trial, the parties reached an agreement regarding all issues except (1) whether the wife should be awarded periodic alimony and, if so, how much; (2) how the parties’ property should be divided; and (3) how responsibility for the payment of their debts should be allocated. The trial court subsequently received evidence ore tenus regarding those issues at a bench trial.
The record indicates the following. The parties married in 1996 and have two mi *55 nor children (“the children”). In March 2012, the parties separated; the wife and the children moved from the parties’ house (“the marital residence”) to a house the wife had rented, while the husband continued to live in the marital residence.
The wife pays rent in the amount of $600 per month. Both parties testified that the value of the marital residence was approximately $136,000 and that it was subject to approximately $108,000 in mortgage indebtedness. The wife testified that the mortgage payments were $816 per month, while the husband testified that they were $830 per month. Aside from the marital residence, the only specific item of marital property identified in the record is a 2008 Nissan Altima automobile. The record does not indicate the value of any of the marital property except the marital residence.
The wife worked during .the earlier part of the marriage but stopped in order to attend a technical college. She first earned an associate’s degree in cosmetology and later earned an associate’s degree in child care. For a period after she earned her cosmetology degree, she was a licensed cosmetologist; however, she testified that she had not maintained her cosmetologist’s license and that she would have to complete courses in cosmetology and pass a test in order to reinstate that license. The wife earned her degree in child care shortly before she initiated the divorce action. At trial, on direct examination, she testified that, after earning her degree in child care, she had applied for work with several day-care facilities and a clothing company; however, on cross-examination, she testified that she had applied for work with the clothing company only. She testified that her being responsible for caring for the children had made it harder for her to find employment, while the husband testified that the wife’s responsibility for caring for the children was no obstacle to her finding employment because, he said, he and his family could care for the children while the wife worked. The wife was unemployed when the action was tried.
The parties agreed that the wife would have primary physical custody of the children and that the husband would have visitation. The parties also agreed that, for purposes of determining the husband’s child-support obligation, the husband’s total gross income from all sources was $5,332 per month and that the wife should be imputed with the amount of income she could earn if she were employed and earning the federal minimum wage. The parties further agreed that the husband’s child-support obligation under Rule 32, Ala. R. Jud. Admin., was $933 per month.
The husband’s total gross income of $5,332 included disability benefits in the amount of $1,794 per month paid to him by the Department of Veterans Affairs (“the VA”) for what he characterized as a “mild grade” of post-traumatic stress disorder (“PTSD”) caused by his military service. The husband is employed as a corrections officer at a state correctional facility, and he testified that, despite his PTSD, he is fully capable of performing his duties as a corrections officer. The husband’s net income from his employment as a corrections officer is $2,383 per month. His VA disability benefits are not taxable. Thus, his total net monthly income from all sources is $4,177. Before he obtained his employment as a corrections officer, the husband had been temporarily unemployed and had commenced a Chapter 13 bankruptcy proceeding; however, that bankruptcy proceeding had been dismissed before the present action was tried. The husband did not lose possession of the marital residence during that bankruptcy *56 proceeding and was still in possession of it when this action was tried.
The wife requested that the trial court award her the marital residence and periodic alimony in an amount equal to the monthly mortgage payment, which, as noted above, she testified was $816 per month. The wife did not request that the trial court award her periodic alimony with which to pay any of her other postdivorce living expenses. The trial court had before it evidence indicating that, if the wife were not awarded the marital residence, she would have to pay rent of $600 per month for housing for her and the children. The record does not contain any evidence indicating the nature or amount of any of her other postdivorce living expenses.
The husband testified that his postdi-vorce monthly expenses would include the $933 per month in child support the parties had agreed he would pay and the mortgage payment on the marital residence, which, as noted above, he testified was $830 per month. He further testified that, including those two monthly payments, his monthly expenses would total $2,930. In addition, he testified that the parties owed a dentist $357, owed one hospital $300, owed another hospital $9,000, and owed a finance company $9,000. However, the record does not indicate the terms pursuant to which .the parties were required to pay those debts (“the miscellaneous debts”), which totaled $18,657.
Each party accused the other of infidelity, but neither introduced any evidence establishing that the other had been unfaithful. Moreover, both parties stipulated that the divorce should be granted on the ground of incompatibility.
After the trial, the trial court entered a judgment divorcing the parties. In accordance with the agreement reached by the parties, the judgment divorced the parties on the ground of incompatibility, granted the wife primary physical custody of the children, granted the husband visitation with.the children, and ordered the husband to pay child support in the amount of $933 per month. The judgment resolved the disputed issues by awarding the husband the marital residence; by awarding the wife $7,000 in lieu of a share of the parties’ equity in the marital residence (“the $7,000 award”), which the husband was to pay within 30 days; by ordering the husband to pay the monthly mortgage payments; by awarding the wife periodic alimony in the amount of $600 per month; by ordering the husband to pay the miscellaneous debts; by awarding each party the personal property in his or her possession; and by awarding the wife the 2008 Nissan Altima automobile.
The husband timely filed a post-judgment motion in which he challenged the award of periodic alimony and the $7,000 award. Specifically, he asserted that the award of periodic alimony was not supported by substantial evidence because, he said, the wife had failed to prove (1) the parties’ standard of living during the marriage, (2) all the monthly expenses she would incur in order to maintain that standard of living after the divorce, (3) her inability to maintain that standard of living after the divorce using her own assets, and (4) the husband’s ability to pay periodic alimony. The husband also asserted that any award of alimony should have been an award of rehabilitative alimony only. Finally, the husband asserted that the $7,000 award was inequitable because, he said, he did not have the ability to pay it.
Thereafter, the trial court denied the husband’s postjudgment motion in an order stating, in pertinent part:
“[T]he Court finds as follows:
*57 “The [marital residence] was awarded to the husband and the husband was [made] responsible for making the mortgage payments.
“The equity in the [marital residence] was $28,000.00. The husband was ordered to pay to the wife $7,000.00 as a property settlement.
“The wife rented a residence so that she and the children would have a place to live. The rent was $600.00 per month.
“According to the child support guidelines the [husband] was to pay $933.00 [per month in] child support.
“The husband’s [gross] income is $5,332.00 per month. After paying the wife $1,533.00,[1] the husband has $3,799.00 [of gross monthly income], less any income taxes owed on his monthly income.
“Considering all of the circumstances, the Court finds the award of alimony and the division of property is fair and equitable as it affects both parties.”
Following the denial of his postjudgment motion, the husband timely appealed.
“The well-established standard of review is that a divorce judgment based on ore tenus evidence is presumed correct. See Robinson v. Robinson, 795 So.2d 729 (Ala.Civ.App.2001). Such a judgment will be reversed only where it is unsupported by the evidence so as to be plainly and palpably wrong. Id. at 733. On appeal the division of property and the award of alimony are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either issue. See O’Neal v. O’Neal, 678 So.2d 161 (Ala.Civ.App.1996). A property division does not have to be equal in order to be equitable based on the particular facts of each case; a determination of what is equitable rests within the sound discretion of the trial court. See Golden v. Golden, 681 So.2d 605 (Ala.Civ.App.1996).
“When dividing marital property and determining a party’s need for alimony, a trial court should consider several factors, including ‘ “the length of the marriage, the age and health of the parties, the future employment prospects of the parties, the source, value, and type of property owned, and the standard of living to which the parties have become accustomed during the marriage.” ’ Ex parte Elliott, 782 So.2d 308 (Ala.2000) (quoting Nowell v. Nowell, 474 So.2d 1128, 1129 (Ala.Civ.App.1985)) (footnote omitted). In addition, the trial court may also consider the conduct of the parties with regard to the breakdown of the marriage, even where the parties are divorced on the basis of incompatibility.... Ex parte Drummond, 785 So.2d 358 (Ala.2000); Myrick v. Myrick, 714 So.2d 311 (Ala.Civ.App.1998).”
Baggett v. Baggett, 855 So.2d 556, 559 (Ala.Civ.App.2003).
Citing Long v. Long, 109 So.3d 633 (Ala.Civ.App.2012), the husband argues that the periodic-alimony award is not supported by substantial evidence because, he says, the wife did not prove (1) the parties’ standard of living during the marriage (“the marital standard of living”) and (2) all the monthly expenses she would incur after the divorce in order to maintain the marital standard of living. In Long, Karen Long (“Karen”), the defendant in a divorce action filed by her husband, Richard Long (“Richard”), asserted a counter *58 claim seeking, among other things, an award of periodic alimony. At trial, Karen testified that, during their marriage, she and Richard had lived in a house that was subject to a mortgage with payments of $2,700 per month and that she was planning to move from that house to a house she had rented for $1,000 per month. The Baldwin Circuit Court awarded Karen periodic alimony in the amount of $1,000 per month, and Richard appealed. Reversing the judgment of the Baldwin Circuit Court insofar as it had awarded Karen periodic alimony, this court stated:
“The only testimony [Karen] provided regarding her expenses after the divorce was that her rent would be $1,000 per month. Without some general idea of [Karen’s] other monthly expenses, it is impossible to know the extent, if any, of [Karen’s] need for periodic alimony. Shewbart[ v. Shewbart, 64 So.3d 1080, 1088 (Ala.Civ.App.2010) ]. We, therefore, must conclude that the [Baldwin Circuit Court] exceeded its discretion in ordering [Richard] to pay periodic alimony to [Karen] in the amount of $1,000 per month.”
109 So.3d at 652.
The circumstances pertinent to the award of periodic alimony in the present case are analogous to those in Long. In the present case, the wife proved that her standard of housing during the marriage was a house with a mortgage payment of at least $816 per month, while, in Long, Karen proved that her standard of housing during the marriage was a house with a mortgage payment of $2,700 per month. In the present case, the wife proved that she would have to pay $600 per month for housing if she were not awarded the marital residence, while, in Long, Karen proved that, after the divorce, she would have to pay $1,000 per month for housing comparable to that which she had enjoyed during the marriage. In the present case, the wife did not prove the nature or amount of any of the living expenses she would incur after the divorce except the expense she would incur for housing; similarly, in Long, Karen did not prove the nature or amount of any of the expenses she would incur after the divorce except the expense she would incur for housing. Finally, in the present case, the amount of the periodic-alimony award was identical to the amount the wife would have to pay for housing after the divorce; similarly, in Long, the amount of the periodic-alimony award was identical to the amount Karen would have to pay for housing after the divorce.
Because the circumstances pertinent to the awards of periodic alimony in the present case and Long are analogous, Long is precedent indicating that the periodic-alimony award in the present case should be reversed because the wife did not introduce evidence indicating the nature and amount of any of her monthly living expenses after the divorce except the amount she would have to pay for housing. However, the present case has prompted us to reexamine our periodic-alimony holding in Long. After reexamining that holding, we have concluded that, if a spouse seeks periodic alimony to cover only a specific part of his or.her postdi-voree living expenses, i.e., housing costs, the spouse should have to prove only the costs associated with that specific part of the marital standard of living, i.e., the housing costs during the marriage, and his or her costs for comparable housing after the divorce. In that case, it is unnecessary to prove either the costs associated with other parts of his or her marital standard of living or other parts of his or her living expenses after the divorce. To the extent that Long provides otherwise, we overrule that holding in Long. In the *59 present case, because the wife proved that the parties spent $816 per month on housing and that she would have to pay $600 per month for rent after the divorce if she were not awarded the marital residence, the trial court reasonably could have inferred that it would cost the wife at least $600 per month to maintain housing comparable to the marital residence after the divorce. Therefore, we reject the husband’s argument based on Long.
The husband also argues that substantial evidence does not support the trial court’s implicit finding that, after the divorce, the wife would not be able to achieve the same standard of living the parties had enjoyed during the marriage using her own income and assets. See Shewbart v. Shewbart, 64 So.3d 1080, 1088 (Ala.Civ.App.2010). Specifically, he argues that the wife has training in both cosmetology and child care, that she is capable of working, and that she had not made a good-faith effort to find employment before the trial. However, the trial court had before it testimony of the wife from which it, as the sole judge of the facts and of the credibility of the witnesses, reasonably could have found that the wife had indeed made a good-faith effort to find employment, that her responsibility for caring for the children had made it more difficult for her to find employment, and that she was unemployed through no fault of her own. See Woods v. Woods, 653 So.2d 312, 314 (Ala.Civ.App.1994). Although the husband testified that he and his family could take care of the children while the wife worked, the trial court could have found that that testimony was not credible. Id. Thus, the trial court reasonably could have found that the wife could not pay for the children’s expenses and her own expenses with only $933 per month in child support and the $7,000 award. Therefore, we reject the husband’s argument that substantial evidence does not support the trial court’s implicit finding that the wife could not achieve the same standard of living she had enjoyed during the marriage using her own income and assets.
The husband next argues that the periodic-alimony award and the $7,000 award are not supported by substantial evidence because, he says, the evidence established that he does not have the ability to pay the periodic-alimony award and the $7,000 award. Specifically, he argues that, because, he says, his total net income is $4,177 and his monthly expenses, which include his child-support payment and mortgage payment, total $2,930, he does not have the ability to pay the wife periodic alimony of $600 per month, to pay a lender the monthly payments he would have to pay on the loan he would have to take out in order to pay the wife the $7,000 award within 30 days, and to pay the miscellaneous debts. He further argues that his commencing a Chapter 13 bankruptcy proceeding demonstrates that he lacks the ability to pay all of those amounts.
First, we note (1) that the husband commenced his Chapter 13 bankruptcy proceeding several years before the trial; (2) that the husband was temporarily unemployed when he commenced that proceeding; (3) that, subsequent to his commencing that proceeding, he obtained employment as a corrections officer and was still employed as a corrections officer when the present action was tried; (4) that the husband’s bankruptcy proceeding had been dismissed before the trial in the present action; and (5) that the husband was still in possession of the marital residence when this action was tried. Therefore, the trial court could reasonably have found that the husband’s filing a bankruptcy petition several years before the trial was not probative of his financial condition when *60 this action was tried. Because such a finding would support the trial court’s judgment and is supported by substantial evidence, we must assume that the trial court made such a finding. See, e.g., Ex parte Byars, 794 So.2d 345, 349 (Ala.2001) (“When a trial court does not make specific findings of fact concerning a particular issue, an appellate court will assume that the trial court made those findings that would have been necessary to support its judgment, unless those findings would be clearly erroneous.”). Moreover, the law does not allow an appellate court to reweigh the evidence. See, e.g., Ex parte Foley, 864 So.2d 1094, 1099 (Ala.2003). Accordingly, we conclude that the husband’s filing a bankruptcy-petition several years before the trial in the present action does not support his argument that the trial court erred in implicitly finding that he had the financial ability to pay the periodic-alimony award and the $7,000 award.
Second, we note that the $2,930 in monthly living expenses claimed by the husband included $830 for the mortgage payment. Although the husband testified that the mortgage payment was $830, the wife testified that the amount of that payment was $816. The trial court, as the sole judge of the facts and of the credibility of the witnesses, could have found from the conflicting testimony that the mortgage payment was $816 rather than $830. See Woods, supra. Moreover, because the trial court did not make a specific finding regarding the amount of the parties’ mortgage payment and a finding that it was $816 rather than $830 would support the trial court’s judgment, we must assume that the trial court found that the mortgage payment was $816. See Byars, supra.
Third, we note that the $2,930 in monthly living expenses claimed by the husband includes $200 per month for dry cleaning. Although the husband testified that he had to spend $200 per month on dry cleaning in order to maintain the appearance of the uniforms he wears while working as a corrections officer, the trial court, as the sole judge of the facts and of the credibility of the witnesses, could have rejected that testimony on the ground that it was not credible. See Woods, supra.
Because we must assume that the trial court found that the amount of the mortgage was $816 rather than $830, we subtract the $14 difference between those two amounts from the $2,930 in monthly expenses claimed by the husband. Moreover, because the trial court reasonably could have found that the $200 per month the husband claimed he spent on dry cleaning was not a valid expense, we deduct an additional $200 from the husband’s claimed monthly expenses, which leaves total monthly expenses of approximately $2,716.. Subtracting his monthly expenses of $2,716 from his total net monthly income of $4,177 leaves the husband with monthly net income of approximately $1,461. The trial court could reasonably have found that the husband could use the $28,000 of equity in the marital residence to secure a loan to pay the $7,000 award and the $18,657 in miscellaneous debts and, further, could reasonably have found that the husband could use the $1,461 remaining after paying his monthly expenses to make the payments on that loan. Accordingly, we conclude that the trial court did not err in implicitly finding that the husband had the ability to pay the periodic-alimony award and the $7,000 award.
Finally, the husband argues that the trial court improperly exercised its discretion by awarding the wife periodic alimony rather than rehabilitative alimony.
*61 “1 “This court has defined rehabilitative alimony as ‘a sub-class of periodic alimony’ that allows a spouse ‘time to reestablish a self-supporting status.’ ” Fowler v. Fowler, 773 So.2d 491, 495 (Ala.Civ.App.2000) (quoting Jeffcoat v. Jeffcoat, 628 So.2d 741, 743 (Ala.Civ.App.1993), overruled on other grounds, Crenshaw v. Crenshaw, 816 So.2d 1046 (Ala.Civ.App.2001)).’ ”
Meek v. Meek, 83 So.3d 541, 557 (Ala.Civ.App.2011) (quoting Benson v. Benson, 876 So.2d 1157, 1164 (Ala.Civ.App.2003)). The determination whether an award of alimony should be rehabilitative is one that is within the discretion of the trial court. See Meek, 83 So.3d at 558. The husband argues that the wife will not be motivated to seek employment if her alimony award is not limited to rehabilitative alimony for a fixed period. However, the periodic-alimony award in this case is equal to the amount of the wife’s monthly rent, and, aside from the $7,000 award from which she could earn a small amount of interest income if she invests it, she was not awarded any income-producing assets in the property division. She will have $933 per month with which to pay the portion of the children’s expenses for which the Rule 32 child-support calculation made the husband responsible; however, unless she works, she will not have sufficient income from the investment of the $7,000 award to pay either (1) the share of the children’s monthly living expenses for which the Rule 32 child-support calculation made her responsible based on the income that was imputed to her for purposes of that calculation or (2) any of her own monthly living expenses other than rent. The trial court reasonably could have found that the necessity of paying her share of the children’s monthly living expenses and her own monthly living expenses other than rent was sufficient to motivate the wife to find employment without making the periodic-alimony award rehabilitative for a fixed period only. Therefore, we conclude that the trial court did not improperly exercise its discretion in awarding the wife periodic alimony.
Finding no merit in any of the husband’s arguments, we affirm the trial court’s judgment.
AFFIRMED.
All the judges concur.

1. That $1,533 consists of the $933 per month in child support and the $600 per month in periodic alimony.