HOLMES, Judge.
This is an appeal from a judgment of the Circuit Court of Marshall County.
After a hearing ore tenus, the learned trial judge found the husband to be in *69 contempt of court for failure to pay certain periodic alimony payments and child support as previously ordered by the trial court. The trial court in pertinent part stated that the periodic alimony payments were changed to an award of alimony in gross. In addition to the above, the trial court made certain other orders regarding support. From this decree the husband appeals.
The dispositive issue before this court is whether the trial court did in fact, after a final decree of divorce, change an award to the wife of periodic alimony payments to an award of alimony in gross. We find that it did not make such a change of awards as to require reversal and we affirm.
The pertinent facts reveal that the parties were divorced in March of 1974. The husband was ordered to pay to the wife $200 per month as periodic alimony and a division of property was made. In addition, the husband was required to make child support payments and otherwise ordered to perform certain acts on behalf of the wife and child.
Thereafter, in September of 1975, the wife filed a petition alleging that the husband was in arrears regarding the alimony payments and the child support. The trial court found the husband to be in arrears and in addition to certain other things decreed as follows:
“2. That, in lieu of periodic alimony as provided in paragraph 6 of the final judgment of the court, the plaintiff be and is hereby awarded, as alimony in gross, the following:

“(b) That the plaintiff be and is hereby awarded the further sum of $10,000.00 as alimony in gross and the same is declared by the court to be secured by a lien on any real estate which the defendant owns or has any interest in located in Marion County of the State of Alabama, and the plaintiff herein, after the expiration of six months, may proceed to foreclosure said lien and secure the payment of said sum. Interest shall accrue from the date of this judgment on said award of $10,000.00 at the rate of 8% per annum on the unpaid balance thereof.” [Emphasis added.]
The dispositive issue then becomes, as stated above: Did the trial court, in this instance, change periodic alimony payments to an award of alimony in gross? We find he did not.
For a detailed and erudite discussion of the characteristics of alimony, both periodic and in gross, see Hager v. Hager, 293 Ala. 47, 299 So.2d 743. Suffice it to say that throughout Hager, supra, the following definition is found:
“ ‘Alimony in gross’ is the present value of the wife’s inchoate marital rights— dower, homestead, quarantine, and distributive share. It is payable out of the husband’s present estate as it exists at the time of divorce. . . . ” [Emphasis added.] (293 Ala. at 55, 299 So.2d at 750)
See also Borton v. Borton, 230 Ala. 630, 162 So. 529.
It is clear that in this instance an award of alimony in gross, as defined above, could not be made. The appellee at the time of the decree in question, some one year after the original decree of divorce, had no inchoate marital rights upon which an award of alimony in gross could be founded, as they had been extinguished by the decree of divorce.
However, in this instance, viewing the trial court’s decree with the attendant presumption of correctness, we do not find that the trial court made an award of alimony in gross as discussed in Hager, supra. We are aware that the trial court in his decree stated the award was one of “alimony in gross.” However, we find the award not to be an award of alimony in gross as discussed above, but rather to be a modification of periodic alimony. Put another way, the trial court simply changed the method of payment of the periodic alimony from installments to a lump sum, to wit, *70 $10,000. Clearly, the trial court may modify a decree of alimony payable in monthly installments. Aiken v. Aiken, 221 Ala. 67, 127 So. 819. Also see 28 Ala.Dig. Divorce <$==>245(1) and cases cited therein. Additionally, we note that, as mentioned above, at the time of the original decree of divorce a division of property was made. Clearly, the trial court would not, over one year after the decree of divorce, attempt to make a further division of property or award alimony in gross.
Furthermore, we find in this instance no abuse of discretion in so modifying the method of payment. Clearly, the husband had not made payments of the previously ordered alimony. Furthermore, he, from one view of the evidence, had the means by which to make a lump sum payment, i. e., he owned land of a considerable value.
We do not deem it necessary to detail the facts concerning other aspects of the trial court’s decree; however, we do find there is evidence to support the conclusion that the husband does have the ability to pay alimony and is therefore in contempt. See Gwin v. Gwin, 55 Ala.App. 601, 318 So.2d 299. Specifically, he is an able bodied man, a college graduate, and as alluded to earlier, had considerable property.
The case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.