After an ore tenus proceeding, the trial court entered a judgment of divorce dissolving the marriage of Delisa G. Murray and Gerald Dewayne Murray. The judgment contained a requirement that Gerald Murray (husband) pay Delisa Murray (wife) a lump sum property settlement in the sum of $25,000. Further, the husband was ordered to pay the wife's attorney the sum of $2,500, representing a reasonable attorney's fee, and the sum of $1,320 in expenses. The trial court ruled in favor of the wife on her counterclaim seeking damages *Page 922 
for assault. Consequently, the court ordered the husband to pay the wife $5,000 compensatory damages and $50,000 punitive damages. From the decision of the trial court, the husband appeals.
The husband asserts that the trial court erred in failing to make an equitable division of the property, in awarding attorney's fees to the wife, and in awarding damages to the wife regarding her counterclaim of assault against the husband.
The husband argues that the $25,000 lump sum property settlement was inequitable. The division of marital property in a divorce action is a matter committed to the sound discretion of the trial court. Kirk v. Kirk, 371 So.2d 54 (Ala.Civ.App. 1979). Further, the trial court's decision following the presentation of ore tenus evidence is presumed correct, and this court will not reverse that decision absent an abuse of discretion. Thomas v. Thomas, 394 So.2d 372 (Ala.Civ.App. 1980).
The parties married on July 11, 1989. The wife was 27 and the husband was 43 at the time of trial. After the parties married, the wife quit her job with the state. The husband owns Factory Outlet Mobile Home Sales, Inc. During their marriage, the husband operated his mobile home business, and the wife assisted in the business doing clerical work and answering phones. Although the wife is currently seeking employment, she is now unemployed. There were no children born of this marriage. At the time of their marriage, the wife had in her custody one child from a previous marriage. During the course of their marriage it is apparent, from a review of the record, that there was a great deal of discord between the parties. The trial court also found that the husband had physically abused the wife on several occasions.
The husband's personal assets as of October 1, 1989, totaled approximately $2,223,570 with liabilities of approximately $213,455. In 1990, the husband's personal assets totaled approximately $2,199,590 with $611,448 in liabilities. The husband's personal assets include Factory Outlet Mobile Homes Sales, Inc., rental property encompassing six houses, a percentage of ownership in apartments, various commercial properties, a lake home, personal property, brood mares, show mares, First Metro stock, and other assets. Liabilities include mortgages payable on rental and commercial property and notes payable for the First Metro stock, an automobile, and a boat.
At the time of trial, the wife owned no assets. The only asset the wife had prior to the marriage was an automobile which she eventually sold for $3,000.
Among those factors which the trial court can consider when fashioning an award of property are the parties' respective ages, the length of their marriage, their future prospects, and conduct of the parties in regard to the cause of divorce.Weatherly v. Weatherly, 469 So.2d 653 (Ala.Civ.App. 1985). Further, property divisions in a divorce case do not have to be equal, only equitable. Montgomery v. Montgomery, 519 So.2d 525
(Ala.Civ.App. 1987). We find that the trial court did not commit an abuse of discretion in awarding the wife a lump sum amount of $25,000 as a property settlement.
The husband further argues that the trial court erred in awarding the wife compensatory and punitive damages on her counterclaim of assault. The wife testified that she had been beaten by the husband on three separate occasions. Although there was some dispute in the testimony as to whether this occurred, this court will not overturn the trial court's decision absent an abuse of discretion. Credibility of oral testimony is addressed to the trier of fact. Cox v. Cox,395 So.2d 1027 (Ala.Civ.App. 1981). We find no abuse of discretion in awarding the wife compensatory and punitive damages on her counterclaim of assault.
The husband also contends that the trial court erred in awarding the wife attorney's fees. The award of attorney's fees in a divorce case is a matter within the sound discretion of the trial court, which will not be reversed unless an abuse of that discretion is shown. Robbins v. Robbins, 460 So.2d 1355
(Ala.Civ.App. 1984). No *Page 923 
such abuse has been shown in this case. Factors to be considered by the trial court in a divorce action in making an attorney's fee award include earning capacity of parties, results of litigation, and financial circumstances of the parties. West v. West, 437 So.2d 583 (Ala.Civ.App. 1983).
It is obvious from the record that the husband is capable of paying the attorney's fee. The results of litigation were in favor of the wife, and after reviewing the record, we find that the trial court did not abuse its discretion in awarding the wife attorney's fees.
The trial court's judgment is due to be affirmed.
The wife's motion for an award of an attorney's fee for the defense of this appeal is granted in the amount of $750.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.