The trial court divorced the parties in July 1993. The divorce judgment, which incorporated an agreement executed by the parties, is quite lengthy and contains rather specific provisions regarding the health, the welfare, and the maintenance of the parties' two minor children. For this reason, we note only those provisions relevant to this appeal, which are as follows: The mother would have custody of the two minor children and would provide them with health insurance coverage; the father would pay child support of $593 *Page 1276 
per month, one-half of the children's noncovered medical expenses, and one-half of the costs associated with the children's summer care programs; and each party would claim one child as a deduction for federal and state income tax purposes.
In May 1996 the mother filed a petition for rule nisi and for modification, requesting the trial court, among other things, to increase the father's child support obligation; to allow her to claim both children as deductions for income tax purposes; and either to hold the father in contempt or to enter a judgment against him for his failure to comply with certain provisions of the divorce judgment.
In December 1996 the father filed a counter-petition for rule nisi, along with a petition for modification, requesting the trial court, among other things, to delete those portions of the judgment that require him to pay for one-half of the children's noncovered medical expenses and for one-half of the expenses associated with their summer care programs. The father also requested the trial court to allow him to provide the children's health insurance coverage.
After an ore tenus hearing, the trial court (1) increased the father's child support obligation to $948 per month, (2) determined that the mother would have the right to claim both children as dependents on her individual income tax returns, (3) deleted that portion of the divorce judgment that required the father to pay for one-half of the expenses associated with the children's summer care programs, (4) deleted that portion of the divorce judgment that required the father to pay for one-half of the children's noncovered medical expenses, (5) determined that the mother would continue to provide health insurance coverage for the children, (6) entered a judgment against the father for his share of various unpaid expenses, and (7) ordered the mother to pay $200 toward the father's attorney fees. The mother filed a post-judgment motion, which the trial court denied.
The mother appeals, raising several issues.
 Child Support Guidelines
The mother first contends that the trial court failed to properly comply with Rule 32, Ala. R. Jud. Admin., in calculating the child support. Specifically, the mother contends (1) that the trial court failed to use the actual cost of the health insurance premium that she paid for family coverage and (2) that the trial court improperly credited the father with paying the health insurance premiums. We agree.
Rule 32(B)(7), Ala. R. Jud. Admin., provides the following, in pertinent part:
 "(a) The actual cost of a premium to provide health insurance benefits for the children shall be added to the 'basic child support obligation' and shall be divided between the parents in proportion to their adjusted gross income in the percentages indicated on the Child Support Guidelines form (Form CS-42).
 "(b) The amount to be added to the 'basic child support obligation' shall be the actual amount of the total insurance premium for family/dependent coverage, regardless of whether all children covered are in the same family.
 "(c) After the 'total child support obligation' is calculated and divided between the parents in proportion to their 'monthly adjusted gross income,' the amount added pursuant to subsection (b) shall be deducted from the obligor's share of the total child support obligation, provided the obligor actually pays said premium. If the obligee is actually paying the premium, no further adjustment is necessary."
(Emphasis added.)
In the instant case the mother indicated on her income statement/affidavit form that she paid $372.45 for family coverage, i.e., for herself and the two children. At trial, she testified accordingly. The trial court, however, repeatedly questioned the mother about the difference in cost between single coverage and family coverage. The mother was unsure, but stated that she thought it cost $50 per month extra to insure her children. The trial judge stated that the only amount he could utilize on the CS-42 form was $50.
Clearly, the mother cannot obtain health insurance on two children for a total of $50 per month. Furthermore, the father testified *Page 1277 
that it would cost him $367 per month to obtain insurance for the children under a similar plan. Thus, we conclude that the trial court, in calculating the basic child support obligation, should have utilized the "actual amount of the total insurance premium for family/dependent coverage."
Next, the mother is also correct in pointing out that the trial court, on the CS-42 form, improperly credited the father with paying the insurance premium payments. As stated previously, the actual cost of the monthly insurance premium can be deducted by the obligor, provided the obligor pays the premiums. In the instant case the obligor, the father, did not pay the premiums. The mother has at all times since the original divorce judgment paid the insurance premiums. Thus, the trial court, on the CS-42 form, improperly credited the father with paying the monthly insurance premiums, thereby making his monthly child support obligation less than it should be.
Based on the foregoing, we hold that the trial court erred in its computation of the basic child support, especially since it did not make any findings as to why it deviated from the guidelines. It is well settled that the "trial court may deviate from the guidelines if the parties have agreed to deviation, or if it finds that application is unjust for some reason." Rogers v. Sims, 671 So.2d 714, 716 (Ala.Civ.App. 1995).
Consequently, those portions of the trial court's judgment regarding the computation of child support are reversed, and the cause is remanded for further proceedings consistent with the foregoing.
 Modification of Prior Judgment
The mother next contends that the trial court abused its discretion in deleting portions of the divorce judgment, absent a showing of a material change in circumstances. At the outset we note that when the evidence has been presented ore tenus, the judgment of the trial court is entitled to a presumption of correctness, and that judgment will not be disturbed unless it is so unsupported by the evidence that it appears to be an abuse of discretion by the trial court. Williams v. Braddy,689 So.2d 154 (Ala.Civ.App. 1996). Furthermore, the law regarding a modification is well settled:
 "The modification of a prior decree based upon changed circumstances of the parties is largely within the sound discretion of the trial court, and we will disturb the exercise of such discretion only when it is abused to the extent that the judgment is plainly and palpably wrong. When, as in this case, the decree fixing the amount of support is based on an agreement between the parties, the decree should not be modified except for clear and sufficient reasons and after thorough consideration and investigation."
Tucker v. Tucker, 588 So.2d 495, 497 (Ala.Civ.App. 1991) (citations omitted).
In the instant case the trial court deleted those portions of the divorce judgment that required the father to pay for one-half of the children's noncovered medical expenses and for one-half of the costs associated with their summer care programs.
After carefully reviewing the record, we conclude that the father presented no evidence of a material change in circumstances to warrant relieving him from his obligation of paying for one-half of the children's noncovered medical expenses. The trial court, prior to hearing the father's testimony, indicated that it had already planned to delete this portion of the divorce judgment. The trial court's decision was based on the assumption that it is a violation of the child support guidelines to require parties to be equally responsible for the costs associated with noncovered medical expenses. We find no case law to support this position.
It is an assumption under Rule 32 that there will be "unreimbursed medical costs of $200 per family of four per year. These assumed costs include medical expenses not covered or reimbursed by health insurance. . . ." Rule 32, Ala. R. Jud. Admin., Comment 2, at 688 (1997). In essence, someone must bear the burden of paying these noncovered costs. It would be unjust, under the circumstances, to require the mother in this case to bear all of the costs associated with insuring the parties' children, in the *Page 1278 
absence of a material change in circumstances.
In any event, after carefully reviewing the record, we find that the father is obviously capable of paying for one-half of the costs. His income has increased, and in his petition for modification, he requested that the trial court allow him to provide the children's health insurance coverage which, he said, would cost approximately $367 per month. In other words, the father was more than willing to assume any additional costs associated with the children's health care needs.
In light of the foregoing, we find this portion of the trial court's judgment to be an abuse of discretion.
The original divorce judgment also provided that the father, in addition to paying for all the costs associated with the children's private school tuition, would also pay one-half of the costs associated with their summer care programs. The trial court, in a prior modification proceeding, deleted that portion of the judgment that required the father to pay for the children's private school tuition.
In the instant case the trial court deleted that portion of the judgment that required the father to pay for one-half of the costs associated with the children's summer care programs. However, we find no abuse of discretion for the following reason: The mother testified that she worked full-time and that the children needed supervision during the summer months. The mother submitted an affidavit, indicating that she paid an average of $433.33 per month for work-related child care. This amount included the costs of the summer care programs, as well as the costs of after-school care during the regular school year.
During the modification proceeding, the mother requested that the trial court either maintain the provision of the divorce judgment requiring the father to pay for one-half of the costs associated with the summer care programs or, in the alternative, combine the costs associated with the summer care programs with the costs incurred for regular after-school care.
The CS-42 form indicates that the trial court combined the two costs and calculated $320 as the average monthly work-related expense for child care. The trial court may have obtained this figure from the guidelines provided by the Department of Human Resources. Rule 32(B)(8) provides, in pertinent part, that child care costs "shall not exceed the amount required to provide care from a licensed source for the children, based on a schedule of guidelines developed by the Department of Human Resources."
Based on the foregoing, we conclude that the trial court did not abuse its discretion in deleting that portion of the judgment requiring the father to pay for one-half of the costs associated with the summer care programs, especially since the mother requested that arrangement.
 Attorney Fees
The mother contends that the trial court abused its discretion in ordering her to pay $200 toward the father's attorney fees. We agree. The law regarding an award of an attorney fee is well settled:
 "The award of attorney's fees in a [modification] case is a matter within the sound discretion of the trial court, which will not be reversed unless an abuse of that discretion is shown. . . . Factors to be considered by the trial court in a [modification case] in making an attorney's fee award include earning capacity of parties, results of litigation, and financial circumstances of the parties."
Murray v. Murray, 598 So.2d 921, 922-23 (Ala.Civ.App. 1992) (citations omitted).
After reviewing the record, we cannot fathom why the trial court ordered the mother to contribute toward the father's attorney fees, regardless of the modest amount. The mother's monthly gross income is $1,472, and the father's is $3,619.86. The mother initiated this proceeding by filing a petition for rule nisi and for modification. The mother was represented by Legal Services of Metro Birmingham, which provides legal assistance to low income families.
In her petition for modification, the mother requested that the child support be increased *Page 1279 
and that she be allowed to claim both children as dependents for tax purposes. The trial court granted the mother's requested relief after finding a material change in circumstances. Regarding the rule nisi portion, the trial court determined that the father had failed to pay for one-half of the expenses associated with the children's summer care programs, as well as his share of certain medical expenses. The trial court entered judgments against the father for the amounts that he owed to the mother, as well as to various other health care providers.
Clearly, the father is capable of paying his own attorney fees. Given the financial circumstances of the parties, as well as the results of the litigation, we find it to be an abuse of discretion to require the mother to pay monies toward the father's attorney fees.
 Retroactive Child Support
The mother finally contends that the trial court erred in not ordering that the child support be retroactive to the date the petition was filed. In Rogers, 671 So.2d at 714, 716-17, this court stated the following:
 "The trial court may exercise its discretion in setting the effective date of a modification, but it is not bound to modify as of the date of the filing of the petition. This matter is within the sound discretion of the trial judge, whose decision will not be disturbed unless it was so unsupported by the evidence as to be palpably wrong, manifestly unjust, or plainly erroneous."
(Citations omitted.)
On appeal the mother contends that this case was continued by the trial court on four different occasions and that she did not contribute to the delays. After reviewing the record, however, we find that the trial court continued the case on one occasion apparently upon finding that the mother and/or her attorney were not adequately prepared. Consequently, we cannot find that the trial court abused its discretion.
In light of the foregoing, the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.