Betty Ruth Johnson ("the wife") and Terry Wayne Johnson ("the husband") were divorced by a judgment entered by the Calhoun Circuit Court on May 1, 1997. The judgment granted the divorce based on incompatibility of temperament, awarded primary custody of the parties' two children to the wife, and divided the marital property and debts. Among other things, the divorce judgment ordered the husband to pay child support in the amount of $541 per month ($270.50 per child) in accordance with Rule 32, Ala. R. Jud. Admin.; ordered the wife to maintain health insurance coverage for the parties' minor children; and required each party to pay one-half of the minor children's medical expenses that were not covered by insurance. The judgment also reserved consideration of postminority support and periodic alimony. At the time of the divorce, the parties' minor children (twin sons) were 17 years of age.
On June 11, 1998, the wife filed a rule nisi petition to enforce, among other things, payment of child-support arrearage and medical-expense arrearage, which she claimed together totaled $3,611.07 plus interest; the wife also sought payment of her attorney's fees, postminority support, and periodic alimony. At the time the petition was filed, the children had recently graduated from high school, had expressed the desire to attend college, and had applied to different colleges.
The husband filed a counterclaim requesting, among other things, that he be awarded attorney fees if he prevailed on the issue of contempt. At the time the husband filed the counterclaim, he had paid most of the past-due child support, but had not paid his portion of the medical expenses.
The case was tried ore tenus on February 18, 1999, April 21, 1999, and April 23, 1999. The record reveals that at the time of the proceedings on February 18, the husband had paid the principal amount of all past-due child-support payments, but still owed approximately $200 in interest on those payments. The parties reached an agreement as to the amount of the husband's unpaid medical expenses; the agreed-upon amount was $364.81.
The record also indicates that the husband had voluntarily left a job earning $550 per week and had moved to Robertsdale in January 1997. The divorce judgment had imputed income to the husband in the amount of $25,000 per year. The husband did not have a job when he moved to Robertsdale, and he worked only sporadically for a period after his move. Because the husband did not receive a paycheck on a consistent basis, he failed to make all or part of some of the child-support payments and failed to pay his portion of the children's medical bills.
At a docket call on April 7, 1999, the wife advised the court that she was no longer seeking postminority support. The children were not attending college because, according to the wife, they could not afford the tuition costs. Accordingly, the trial court subsequently dismissed the wife's claim for postminority support. The husband subsequently amended his counterclaim by requesting attorney fees if he prevailed on his defense of the wife's periodic-alimony claim and because of the wife's abandonment of her request for postminority support. *Page 911 
On February 28, 2001, the trial court entered a judgment that, among other things, found that the issue of postminority support was moot and that the husband had been in contempt for failure to pay child support and his portion of the medical bills, but that he had purged himself of that contempt. The judgment awarded the wife what it referred to as "alimony in gross" in the amount of $5,200. The trial court also awarded the husband $1,600 in attorney fees. The trial court offset the attorney-fee award against the award of alimony and entered a judgment against the husband in the net amount of $3,600, payable at the rate of $300 per month.
The wife filed a motion to alter, amend, or vacate the trial court's judgment; her motion alleged, among other things, that the husband had not paid his portion of the medical expenses and therefore had not purged himself of contempt, and that the trial court should have awarded the wife periodic alimony instead of alimony in gross. The trial court entered an amended judgment that, among other things, included the amount of the husband's unpaid medical expenses and the interest due on previous child-support payments; deleted the statement that the husband had purged himself of contempt; and corrected the designation of the alimony from "alimony in gross" to "periodic alimony." The wife appeals and the husband cross-appeals.
On appeal, the wife contends that the trial court erred in awarding the wife a lump-sum periodic-alimony award. The husband contends that the trial court erred in awarding the wife any periodic alimony, because, he says, the wife failed to show a material change of circumstances.
"In reviewing a judgment of the trial court in a divorce case, where the trial court has made findings of fact based on oral testimony, we are governed by the ore tenus rule." Fowler v. Fowler, 773 So.2d 491, 493
(Ala.Civ.App. 2000). Further, the issue of alimony is within the discretion of the trial court, and its decision on that issue will not be overturned on appeal unless it is "plainly and palpably wrong" or unless the trial court has abused its discretion. Id.
In Crenshaw v. Crenshaw, 816 So.2d 1046 (Ala.Civ.App. 2001), this court held that a post-divorce request for an award of alimony, when the issue had been "reserved" by the trial court, must be based upon a "material change of circumstances." 816 So.2d at 1048. In the present case, we cannot say based on the evidence of record that the trial court was plainly and palpably wrong in making an alimony award of only $5,200.
Evidence was introduced at trial to the effect that the wife's income was approximately $9 per hour and that this income had increased slightly from the time of the divorce judgment. There also was evidence that the husband's income was approximately $11 per hour (approximately $1,900 per month), and that this was slightly less than his income at the time of the divorce judgment.
The evidence regarding each of the parties' expenses was conflicting. The wife testified that as a result of the children's reaching the age of majority she no longer receives child support and she has lost the benefit of the dependent tax exemption. She testified that her monthly expenses were about the same as they were at the time of the divorce. There was evidence, however, indicating that the wife's monthly expenses were $1,800. Since the parties divorced, the wife has borrowed $800 from a bank; approximately $2,000 from an older son (who was 29 years old at the time of the trial); and approximately $1,000 from *Page 912 
a friend.[1] The wife had purchased a house in December 1998 for $15,000; she financed the entire purchase price, and the monthly mortgage payment was $188. She also had borrowed $4,000 to make repairs on the house and pays $100 monthly toward that debt; she also owed Lowe's Home Centers, a building supply store, $500. Although the wife was paying $402 in monthly rent at the time of the divorce, she now had utility expenses and property taxes. The wife also needs to have her eyes examined and to have some dental work done, but she testified that she could not afford to have either. She also had incurred automobile repair expenses in the amount of $1,769 since the divorce.
Evidence introduced at trial indicated that the husband's monthly expenses were approximately $1,400. The husband also testified, however, that the combined monthly expenses for him and his current wife are $1,740.[2]
The wife contends that the alimony award amounts to an impermissible award of alimony in gross. We disagree. In Burnett v. Burnett,339 So.2d 68, 69 (Ala.Civ.App. 1976), this court stated:
 "For a detailed and erudite discussion of the characteristics of alimony, both periodic and in gross, see Hager v. Hager, 293 Ala. 47, 299 So.2d 743
[1974]. Suffice it to say that throughout Hager, supra, the following definition is found:
 "`"Alimony in gross" is the present value of the wife's inchoate marital rights — dower, homestead, quarantine, and distributive share. It is payable out of the husband's present estate as it exists at the time of the divorce. . . .' (Emphasis added.) (293 Ala. at 55, 299 So.2d at 750). See also Borton v. Borton, 230 Ala. 630, 162 So. 529
[(1935)]."
In Burnett, the court affirmed the trial court's award of a lump-sum alimony award in the amount of $10,000 where the husband had failed to make the monthly alimony payments under the divorce judgment. In that case, the trial court had characterized the lump-sum alimony award as "alimony in gross." On appeal, this court concluded that the trial court had changed the method of payment and not the character of the alimony:
 "It is clear that in this instance an award of alimony in gross . . . could not be made. The appellee at the time of the decree in question, some one year after the original decree of divorce, had no inchoate marital rights upon which an award of alimony in gross could be founded, as they have been extinguished by the decree of divorce.
 "However, in this instance, viewing the trial court's decree with the attendant presumption of correctness, we do not find that the trial court made an award of alimony in gross as discussed in Hager, supra. We are aware that the trial court in his decree stated that the award was one of `alimony in gross.' However, we find the award not to be an award of alimony in gross as discussed above, but rather to be a modification of periodic alimony. Put another way, the trial court simply changed the method of payment of the periodic alimony from installments to a lump sum, to wit, $10,000. Clearly, the trial court may modify a decree of alimony payable in monthly installments. Additionally, we note that, as mentioned above, at the *Page 913 
time of the original decree of divorce a division of property was made. Clearly, the trial court would not, over one year after the decree of divorce, attempt to make a further division of property or award alimony in gross."
Burnett, 339 So.2d at 69-70 (citations omitted).
In Jeffcoat v. Jeffcoat, 628 So.2d 741, 743 (Ala.Civ.App. 1993),overruled on other grounds, Crenshaw v. Crenshaw, 816 So.2d 1046
(Ala.Civ.App. 2001), this court affirmed the trial court's award of a lump-sum alimony award in the amount of $4,000 where the divorce judgment had reserved periodic alimony for the wife. In that case, the trial court had characterized the lump-sum alimony award as "retroactive" alimony. On appeal, the court concluded that the trial court had actually awarded the wife periodic "rehabilitative" alimony:
 "[A trial court] may order rehabilitative alimony for the support of the wife. Doyle [v. Doyle, 579 So.2d 651
(Ala.Civ.App. 1991). Further, the existence of a termination date is within the trial court's power. Barran v. Barran, 431 So.2d 1278 (Ala.Civ.App. 1983). Thus, Doyle and its progeny have established a sub-class of periodic alimony. The requirements for alimony in gross are not met here. Although the amount may be ascertained and there exists a termination date, the award is clearly in the nature of a support award, not a vested right. Trammell v. Trammell, 523 So.2d 437 (Ala.Civ.App. 1988). The purpose of periodic alimony is for the financial support of the recipient spouse. White v. White, 589 So.2d 740
(Ala.Civ.App. 1991).
 "Regardless of the trial court's use of the term `retroactive,' it is apparent that the trial court's award of alimony in this case was in the nature of support during this period of time. Rehabilitative alimony is appropriate when supported by the evidence. Sammons v. Sammons, 598 So.2d 941
(Ala.Civ.App. 1992). Although the terminology was incorrect, it is clear from the record that the trial court's intention was to order the husband to financially support the wife, allowing her time to re-establish a self-supporting status. The law is well settled that a trial court's correct decision will not be disturbed, even if the court gives the wrong reason. Boykin v. Magnolia Bay, Inc., 570 So.2d 639
(Ala. 1990)."
Jeffcoat, 628 So.2d at 743.
In this case, viewing the trial court's judgment with a presumption of correctness, we conclude that the trial court did not make an award of alimony in gross. The parties had been divorced for approximately four years when the trial court awarded the wife the alimony, payable over a period of 12 months. The divorce judgment contained a property division; clearly, the trial court could not have attempted to enter a further division of property four years after the divorce judgment had been entered. We conclude that the alimony award in this case was in the nature of a support award, recognizing the undue financial hardship the wife had endured as a result of the husband's failure to pay child support and further allowing the wife time to reestablish a self-supporting status.
The husband relies on Crenshaw, supra, and contends that the wife failed to prove a material change in circumstances. We conclude that in this case, the wife established a material change in circumstances sufficient to support the alimony award. The evidence supports a finding that the husband's failure to comply with the divorce judgment placed an undue financial burden upon the wife. Further, *Page 914 
with the husband's child-support obligation having ended, he now has the ability to pay the alimony awarded by the trial court.
The wife also contends that the trial court abused its discretion in awarding the husband $1,600 in attorney fees and in failing to award the wife any attorney fees. The husband argues that the trial court's award of attorney fees to him was proper.
In Bertram v. Doss, 709 So.2d 1274, 1278 (Ala.Civ.App. 1998), the court stated:
 "The law regarding an award of an attorney fee is well settled:
 "`The award of attorney's fees in a modification case is within the sound discretion of the trial court, which will not be reversed unless an abuse of discretion is shown. . . . Factors to be considered by the trial court in a modification case in making an attorney's fee award include earning capacity of parties, results of litigation, and financial circumstances of the parties.' Murray v. Murray, 598 So.2d 921, 922-23 (Ala.Civ.App. 1992) (citations omitted)."
In Bertram, the court reversed an award of a $200 attorney fee to the husband where the wife prevailed on her claim:
 "After reviewing the record, we cannot fathom why the trial court ordered the mother to contribute toward the husband's attorney fees, regardless of the modest amount. The mother's monthly gross income is $1,472, and the father's is $3,619.86. The mother initiated this proceeding by filing a petition for rule nisi and for modification. The mother was represented by Legal Services of Metro Birmingham, which provides legal assistance to low income families.
 "In her petition for modification, the mother requested that the child support be increased and that she be allowed to claim both children as dependents for tax purposes. The trial court granted the mother's requested relief after finding a material change in circumstances. Regarding the rule nisi portion, the trial court determined that the father had failed to pay for . . . his share of certain medical expenses. The trial court entered [a] judgment against the father for the amounts that he owed to the mother. . . ."
Bertram, 709 So.2d at 1278-79.
 "Clearly, the father is capable of paying his own attorney fees. Given the financial circumstances of the parties, as well as the results of the litigation, we find it to be an abuse of discretion to require the mother to pay monies toward the father's attorney fees."
709 So.2d at 1278-79.
We conclude that the trial court abused its discretion in awarding attorney fees to the husband in the amount of $1,600. See Bertram,supra. The wife in this case had limited financial resources and prevailed on her claims. Based on the record presented, the fact that the wife dismissed the claim for postminority support is not a sufficient basis for awarding attorney fees to the husband.
The wife also contends that the trial court abused its discretion in failing to award attorney fees to her. Although a trial court may award attorney fees to the prevailing party where a spouse is found to be in contempt of a divorce judgment, we cannot conclude that it was an abuse of discretion for the trial court not to award the wife attorney fees in this case.
Based on the foregoing analysis, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for the trial court to enter a judgment consistent with this opinion. *Page 915 
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
CRAWLEY, J., dissents.
[1] The wife had also borrowed $250 from her former father-in-law to pay for the children's graduation expenses and $1,300 to buy one child a truck.
[2] The husband further testified that he and his current wife earn a combined income of $3,336 per month before taxes.