PITTMAN, Judge.
Brenda J. Escalona (“the former wife”) and Hector J. Escalona (“the former husband”) were divorced in March 2001. At the time of the divorce, the former husband had retired from the Army and was employed as a helicopter-pilot instructor at Fort Rucker. The former wife was unemployed. The divorce judgment, among other things, awarded the former wife half of the former husband’s military-retirement pay and ordered the former husband to pay the former wife $1,000 per month in periodic alimony, plus $500 per month in rehabilitative alimony for 48 months. The record indicates that the former wife commenced a post-divorce proceeding in 2002 (in a case designated as case no. DR-2000-188.01), but the record of that proceeding is not before this court.
*692 In April 2007, the former husband filed a petition to suspend his periodic-alimony payments, alleging that he had suffered a serious head injury on March 20, 2007, when an automobile collided with the motorcycle he was riding. The former husband averred that the injury had required him to undergo brain surgery, had necessitated the removal of part of his skull, and had rendered him unable to work for an indefinite period. He asserted that he would “most likely be unable to return to work in any capacity, much less to his old job as a flight instructor.”
Following a hearing at which the former wife failed to appear, the trial court determined that the former wife had been served and had had notice of the proceeding and that there had been a material change in circumstances since the time of the divorce. The court ordered that the former husband’s periodic-alimony obligation be suspended indefinitely but added that, if the former husband were ever able to return to employment at a wage comparable to his previous wage, then his periodic-alimony obligation would be restored. Five months later, the former wife filed a motion seeking relief from the judgment, alleging that she had not been served with the former husband’s petition to suspend his periodic-alimony obligation. Following a hearing on the former wife’s motion, the trial court vacated its earlier judgment.
The former wife answered the former husband’s petition and counterclaimed, seeking to have the former husband held in contempt for failure to comply with a court order entered in case no. DR-2000-188.01 and requesting an increase in periodic alimony. The former wife moved to substitute the judge to whom the case had been assigned (“the trial court judge”) with the judge who had presided over the original divorce action and the 2002 postdi-vorce proceeding (“the previous judge”). The trial court denied the former wife’s motion to substitute.
The trial court conducted a hearing on the former husband’s petition and the former wife’s counterclaims. The evidence was undisputed that the former husband had not worked for three months after the accident and that he had been grounded from flying and was incapable of being a flight instructor but that he had been employed as a classroom instructor at Fort Rucker at the same salary he had been drawing as a flight instructor; therefore, he had suffered no financial loss as a consequence of his injuries. The former husband admitted that, pursuant to the trial court’s order suspending his periodic-alimony obligation, he had not paid the former wife periodic alimony from July 2007 to August 2008, but he testified that he had subsequently made a lump-sum payment to the former wife reflecting 13 months of unpaid periodic alimony.
The former wife acknowledged that the former husband had made a lump-sum periodic-alimony payment to her, but she said that his payment had been in an amount less than the amount he owed. She could not remember the amount she had received from the former husband, and she provided no documentation to support her testimony that there was an amount still due and owing. The former wife also testified that the former husband had failed to pay her $6,000, which, she said, represented the last 12 months of the former husband’s obligation to pay rehabilitative alimony of $500 per month for 48 months. During questioning of the former wife by her counsel, the trial court interrupted and stated the following:
“THE COURT: I said I would not [interrupt], but I find it necessary to do it. I am looking at a petition now, I know the law to be that you cannot file successive petitions seeking the same *693 relief. I’m looking at a petition filed on [the former wife’s] behalf through [different counsel] in March of 2002. Specifically Paragraph 4 says: ‘[The former husband] is in willful, deliberate, and contemptuous violation of said decree in that he has failed and refused to pay rehabilitative periodic alimony in the amount of $500 a month.’
“Now, that issue was raised through a prior petition. I don’t see any court order signed by [the previous judge], but I do see that he made an entry after a hearing. It says ‘parties announce settlement and shall file appropriate documents within thirty days.’ I don’t know what the settlement was, but I’m telling you that that’s history. Okay?”
During questioning by the former husband’s counsel, the former wife again mentioned the $6,000 in rehabilitative alimony that, she claimed, the former husband had not paid. The following then occurred:
“Q. [By the former husband’s counsel:] You heard what the Court said up there; that he wouldn’t listen to any more of that; that there was an order up there where you asked for it way back there and there was a settlement reached. Did you not hear that?
“A. I heard what the Judge said. I have proof otherwise.
“Q. Well, you heard what the Judge—
“THE COURT: Ma’am, I didn’t say he’s paid it. I’m just telling you that was raised in a prior petition and proceeding before the Court and it was settled, and that’s for [the previous judge] to — I don’t know why there’s no settlement documents or any order entered on that. But he’s got a record he can rely on. I don’t know what a transcription of that record would reflect as far as the announced settlement, but it was announced as settled.”
The former wife testified that after the divorce she had moved to Charleston, South Carolina, and had obtained employment as a security officer at the Medical University of South Carolina. She stated that her base pay was $30,692.06; in 2009, she earned $36,471.39, which included overtime pay. Finally, the former wife testified that she had incurred $4,000 in attorneys’ fees, as well as travel expenses for coming to court three times at a cost of $1,093 each time.
On June 8, 2010, the trial court entered a judgment denying the former husband’s petition to suspend his periodic-alimony obligation, denying the former wife’s counterclaim for an increase in periodic alimony, denying the former wife’s request to hold the former husband in contempt for failing to obey a court order to pay rehabilitative alimony, and denying “all other requested relief not otherwise addressed.” The former wife filed a timely post-judgment motion that was denied by operation of law, after which she timely appealed. The former wife raises three issues on appeal.
I.
The former wife argues that the trial court erred in failing to reassign the case to the previous judge, who had presided over the divorce and the first postdi-vorce proceeding, because the previous judge was, she said, “more familiar with the case and could better address the issues.” The former wife cites no authority in support of that argument, and it is without merit. In the absence of grounds for the trial-court judge’s recusal, or in the absence of the trial-court judge’s inability to proceed under Rule 63, Ala. R. Civ. P.— neither of which the former wife alleged or established — there was no requirement that the trial court reassign the case to the previous judge.
*694 II.
The former wife contends that the trial court erred in failing to award her an attorney fee and travel expenses “for defending a case which was predicated upon a falsehood and mistaken assumptions as to the ... loss of income by the former husband.” The trial court evidently concluded that the former husband’s petition to suspend his periodic-alimony obligation was not “predicated upon a falsehood” because its judgment states:
“2. The [former husband’s] motion to modify/terminate alimony, when filed, was predicated upon the factual averment that [the former husband] lacked the financial ability to comply with his support obligation due to prospective unemployment resulting from physical disability after a serious vehicular accident.”
(Emphasis added.)
“The law regarding an award of an attorney fee is well settled:
“ ‘The award of attorney’s fees in a [modification] case is a matter within the sound discretion of the trial court, which will not be reversed unless an abuse of that discretion is shown’....
“Murray v. Murray, 598 So.2d 921, 922-23 (Ala.Civ.App.1992) (citations omitted).”
Bertram v. Doss, 709 So.2d 1274, 1278 (Ala.Civ.App.1998). Because the record supports the trial court’s implicit conclusion that the former husband’s petition was not “predicated upon a falsehood,” the trial court did not act outside its discretion in declining to award the former wife an attorney fee.
III.
The former wife insists that the trial court erred by refusing to consider whether the former husband should be held in contempt for failing to obey an order that he pay $6,000 in rehabilitative alimony — an order that, the former wife says, was entered in case no. DR-2000-188.01. The former wife raised this issue in a post-judgment motion to alter, amend, or vacate the judgment or, in the alternative, for a new trial:
“1. [The former wife] avers that there is an error in [the] judgment, in that the court refused to address the issue of arrearages on rehabilitative alimony previously awarded by [the previous judge] in the initial divorce action. The court correctly stated that the arrearage issue was addressed in the second proceeding under this case number in that there was an arrearage assessed. However, that arrearage was never paid.
“2. [The former husband] failed and refused to pay the $6,000.00, which represented one (1) year of rehabilitative alimony. It was the intention of [the former -wife] to have the court address [the former husband’s] contempt in the current proceeding. However, the court refused to relitigate it, stating that the matter had already been litigated.”
(Emphasis added.) It appears that the trial court was mistaken in stating that the record in case no. DR-2000-188.01 (which the trial court had consulted during the trial) contained “no settlement documents or any order entered on [rehabilitative alimony].” The record in the present case contains the following “Amended Order,” entered on February 11, 2004, in case no. DR-00-188.01:
“[The former wife], by and through her attorney, has filed a motion to correct [Scrivener’s] Error and after reviewing the file, this Court enters the following order:
“‘2. The [former husband] is ORDERED to pay the sum of $500 per *695 month as temporary alimony, terminating April BO, 2005.’ ”
Because the trial court declined to consider whether the former husband had contemptuously refused or failed to pay rehabilitative alimony, based solely upon its mistaken belief that there was no judgment in case no. DR-2000-188.01 ordering the former husband to make such payments (and, therefore, that there was no “willful, continuing failure or refusal of [the former husband] to comply with a court’s lawful ... order... or command that, by its nature is still capable of being complied with,” Rule 70 A(a)(D), Ala. R. Civ. P.), we reverse that portion of the judgment denying the former wife’s request to hold the former husband in contempt, and we remand this cause with instructions to determine whether the former husband has paid his rehabilitative-alimony obligation in full and, if not, whether he should be held in contempt.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ„ concur.