MOORE, Judge,
concurring specially.
With regard to that part of the main opinion addressing the trial court’s failure to include the health-insurance premiums in the calculation of the father’s child-support obligation, I concur only because the father did not ask this court to overrule past decisions on that issue such as Brown v. Brown, 719 So.2d 228 (Ala.Civ. *974 App.1998) (holding that the trial court had not erred in including the cost of health insurance covering both the custodial parent and the parties’ child in determining the noncustodial parent’s child-support obligation), and Bertram v. Doss, 709 So.2d 1274, 1276-77 (Ala.Civ.App.1998) (holding that the trial court had erred in including only the difference between the cost of single health-insurance coverage and family health-insurance coverage in determining the noncustodial parent’s child-support obligation). I believe the decisions in those cases have misconstrued Rule 32, Ala. R. Jud. Admin., and that it is absurd to include premiums for health insurance that covers a custodial parent in calculating the noncustodial parent’s “child-support obligation.”